## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| SHAWN JOSEPH,<br><br>      Plaintiff,<br><br>vs.<br><br>GENESIS COIN, INC.; GENESIS SERVICES, INC.; AQUARIUS MANAGEMENT CORP.; and EVAN ROSE,<br><br>      Defendants. | Civil Action No. 1:22-cv-00615-RP |

**PLAINTIFF SHAWN JOSEPH'S OPPOSED MOTION
TO REMAND TO STATE COURT, OR IN THE ALTERNATIVE,
FOR LEAVE TO TAKE EXPEDITED JURISDICTIONAL DISCOVERY**

**TABLE OF CONTENTS**

I.    CONFERENCE OF COUNSEL ........................................................................................1

II.   RELEVANT BACKGROUND .......................................................................................2

        A.    Underlying Citizenship Facts ...............................................................................2

        B.    Procedural History ...............................................................................................4

III.  ARGUMENT ...................................................................................................................5

        A.    Subject matter jurisdiction does not exist, and at least Genesis Coin is a local Texas Defendant precluding removal. .........................................................5

               1.    The evidence suggests that Genesis Coin's principal place of business remains in Texas—regardless of where Mr. Rose happens to have moved. ................................................................................6

               2.    Defendants' Notice of Removal is inconsistent with publicly available information and insufficient to meet their burden to justify removal. ....................................................................................................8

        B.    The record here shows Mr. Joseph is entitled to jurisdictional discovery. ...............9

# **TABLE OF AUTHORITIES**

**Cases**

*Branon v. Debus*, 289 F. App'x 181
 (9th Cir. 2008) ............................................................................................................. 8
*Good River Farms, LP v. TXI Operations, LP*, 2018 WL 1770494, at *2
 (W.D. Tex. Apr. 12, 2018).......................................................................................... 6
*Guitar Holding Co. v. El Paso Natural Gas Co.*, No. EP-10-cv-214-KC, 2010 WL
 3338550, at *3
 (W.D. Tex. Aug. 18, 2010).......................................................................................... 6
*Health Grades, Inc. v. Decatur Mem. Hosp.*, 190 F. App'x 586
 (10th Cir. 2006) ......................................................................................................... 10
*Hertz Corp. v. Friend*, 559 U.S. 77
 (2010).................................................................................................................... 5, 6
*Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841
 (5th Cir. 2000) ........................................................................................................... 10
*Martinez v. Pfizer, Inc.*, 388 F. Supp. 3d 748
 (W.D. Tex. 2019)......................................................................................................... 6
*MPF Holdings US LLC*, 701 F.3d 449
 (5th Cir. 2012) ....................................................................................................... 1, 10
*Tran v. Tran*, No. A-17-cv-510-LY-AA, 2017 WL 7736133, at *2
 (W.D. Tex. Aug. 25, 2017)......................................................................................... 7
*Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593
 (5th Cir. 2020) ............................................................................................................. 8
*Williamson v. Tucker*, 645 F.2d 404
 (5th Cir. 1981) ........................................................................................................... 10

**Statutes**

28 U.S.C. § 1332............................................................................................................... 6
28 U.S.C. § 1332(a) .......................................................................................................... 5
28 U.S.C. § 1332(c)(1)...................................................................................................... 2
28 U.S.C. § 1441(b)(2) ..................................................................................................... 5
Puerto Rico Laws, title 14, subtitle 5, chapter 233, § 3801(b) ......................................... 9

**Rules**

Local Civil Rule CV-7(g) .................................................................................................. 1

This is a dispute between an Austin, Texas resident—Shawn Joseph—and his Austin, Texas former employer—Genesis Coin, Inc.—among other Defendants, that was originally filed in state court in Austin, Texas. Defendants removed to this Court, asserting diversity of citizenship. However, the scant evidence Defendants have submitted in support of their burden (to establish that each of them is a citizen of a state other than Texas) is incomplete and insufficient. In fact, Texas Secretary of State records show that Genesis Coin has maintained a principal place of business in Texas since 2016, and Genesis Coin represented in its 2021 tax return that it earned the entirety of its revenue in Texas in 2020 and 2021. Meanwhile, the Puerto Rican State Department has no record of Genesis Coin's existence. As such, Mr. Joseph brings this motion so the Court can "determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012).

Alternatively, expedited jurisdictional discovery is proper to develop the factual record regarding the location of the corporate Defendants' principal places of business. To date, the evidence Defendants have submitted consists of a single declaration by Evan Rose, who is a Defendant himself and one of Defendants' officers. Mr. Rose's declaration asserts in conclusory fashion that he lives in Puerto Rico, so each corporate Defendant must have its principal place of business in Puerto Rico as well, but offers no supporting documents whatsoever. As such, depositions of the corporate Defendants, Evan Rose, and the accountant who prepared Genesis Coin, Inc.'s 2021 tax return are warranted, and Mr. Joseph should be allowed the opportunity beforehand to receive a limited production of documents from Defendants related to this disputed factual issue. The Court should alternatively enter the attached proposed order granting Mr. Joseph leave to serve jurisdictional Requests for Production and take three depositions.

I. **CONFERENCE OF COUNSEL**

Pursuant to Local Civil Rule CV-7(g), prior to filing this motion, counsel for the parties

have conferred in a good-faith attempt to resolve the matter by agreement. No agreement could be made because the parties did not agree on either the basis for remand or the appropriate scope of the jurisdictional discovery Mr. Joseph requests herein. *See* Declaration of William M. Odom ("Odom Decl."), Ex. 17.

## II.     RELEVANT BACKGROUND

### A.     Underlying Citizenship Facts

Mr. Joseph and Defendant Evan Rose are former business partners in a start-up company that provides "Bitcoin ATMs" to the public. *See generally* Dkt. No. 1-3 (state court Petition, cited as "Pet."). Mr. Rose retaliated against Mr. Joseph by abusing his discretion to terminate the contract appointing Mr. Joseph as Chief Intellectual Property Officer after Mr. Joseph challenged Mr. Rose's mismanagement/misconduct related to the business they were building together. Pet. ¶ 2. A few key details, regarding the citizenships of the parties, inform the necessity of this motion.

**Plaintiff's Citizenship**. Mr. Joseph was (and remains) a resident of Austin, Texas. *See* Pet. ¶ 3; Declaration of Shawn Joseph ("Joseph Decl."), ¶ 2.

**Defendants' Citizenships**. Mr. Rose appears to have resided in Puerto Rico, at least as of the time of removal. *See* Pet. ¶ 7; *see also* Pet., Ex. A ("Rose Persona"), at 2-3.

Mr. Rose founded all three defendant corporations: Genesis Coin, Inc. ("Genesis Coin"), Genesis Services, Inc. ("Genesis Services"), and Aquarius Management Corp. ("Aquarius"). Pet. ¶ 7. The corporate Defendants each have dual citizenship in (1) their state of incorporation; and (2) the state in which they have their "principal place of business." 28 U.S.C. § 1332(c)(1).

Genesis Coin. Mr. Rose founded Genesis Coin in 2013 while he was living in San Diego, incorporated in the state of Delaware. Pet. ¶ 18; *see also* Rose Persona, at 2; Odom Decl., Ex. 2. Genesis Coin registered with the California Secretary of State on May 4, 2015. Odom Decl., Ex. 3. Mr. Rose then moved to Austin, Texas sometime around 2015 for the purpose of expanding his

budding Bitcoin ATM business, Genesis Coin.  Pet. ¶ 19; Rose Persona, at 2.  On November 17, 2015, Genesis Coin terminated its right to do business in California and indicated its new address was in New Mexico.  Odom Decl., Ex. 4.  Then, Genesis Coin registered to do business in Texas in November 2016, and stated its principal office was located at in Austin.  Odom Decl., Ex. 5.

Mr. Joseph and Mr. Rose met in 2016 at a shared co-working space in Austin and became close friends.  Pet. ¶ 20.  Mr. Rose then moved to Puerto Rico later in 2016.  Pet. ¶¶ 21-23; Rose Persona, at 3.  However, Genesis Coin kept its business registration up to date in Texas by filing documents with the Secretary of State in 2017, 2018, and 2019.  Odom Decl., Exs. 6, 7, 8.  Saliently, there is no record of Genesis Coin having ever registered to do business with the Puerto Rican Department of State.  Odom Decl., Ex. 9 ("Cannot find corporation.").  Rather, Mr. Rose formed Aquarius as his Puerto Rican company, as explained below.

In 2019, Mr. Joseph became the Chief Intellectual Property Officer of Genesis Coin.  Pet. ¶ 25. Mr. Rose specifically wanted an employee in Texas, stating that Genesis Coin "needs nexus in Texas."  Pet. ¶ 25; Joseph Decl., ¶ 3.  In fact, Mr. Joseph's Employment Agreement contained the following term:

> Employee's employment hereunder shall terminate upon the first to occur of the following circumstances: . . .  (f) The Employee ceases to be a bonafide Texas resident.

Pet., Ex. B § 4(f); *see also* Joseph Decl., ¶ 4 (authenticating).

Genesis Coin continued filing documents with the Texas Secretary of State in 2020 and 2021.  Odom Decl., Exs. 10, 11.  According to the LinkedIn profile of Genesis Coin's President and Chief Strategy Officer, Peter Sentowski, Genesis Coin remained based in Texas even after Mr. Rose moved.  Odom Decl., Ex. 12 (screenshot from July 25, 2022).

Mr. Rose sent to Mr. Joseph state and federal corporate tax filings of Genesis Coin for the tax year 2021, and the tax preparer's summary that contains a comparison of the 2021 with 2020

tax years. Those tax filings and preparer's summary show that, in at least both 2020 and 2021, Genesis Coin supposedly earned the entirety of its United States income in Texas. Joseph Decl., Ex. 1, at PDF pg. 7 ("Gross receipts in Texas" v. "Gross receipts everywhere"), PDF pg. 5 (federal "Gross receipts less returns/allowance"). Furthermore, the address listed for Genesis Coin, Inc. on its most recent federal tax returns was a Texas address, and the tax returns themselves were prepared by an accountant located in Texas. Joseph Decl., Ex. 1, at PDF pg. 2. In both years, Genesis Coin represented that it earned all its revenue in Texas, while earning none in Puerto Rico (despite Mr. Rose's assertion that he himself is the nerve center of Genesis Coin and has been for its entire existence). Joseph Decl., Ex. 1, at PDF pg. 7.

Aquarius Management. Mr. Rose founded Aquarius on December 1, 2016, incorporated in Puerto Rico. Pet. ¶ 6; Odom Decl., Ex. 13. In contrast to Genesis Coin and Genesis Services, it is registered to do business in Puerto Rico. According to its Puerto Rican registration, Aquarius was formed for the purpose of "[p]rovid[ing] software development, customer support, accounting and management services for c*lients outside of PR* in compliance with the requirements for receiving a tax incentives grant under Act No. 20 of 2012, as amended." Odom Decl., Ex. 14 (emphasis added); *see also* Rose Persona, at 3; Pet. ¶¶ 21-22. However, on information and belief, the only "clients" to which Aquarius supposedly exports services are, in fact, Genesis Coin and/or Genesis Services, Mr. Rose's other companies. Joseph Decl., ¶ 6.

Genesis Services. Mr. Rose founded Genesis Services on August 24, 2018, incorporated in Delaware. Pet. ¶ 5; Odom Decl., Ex. 15. Like Genesis Coin, Genesis Services is not registered to do business in Puerto Rico. Odom Decl., Ex. 16.

B. **Procedural History**

Mr. Joseph filed a lawsuit against Defendants in Texas state court, the 201st Judicial District Court, on May 19, 2022. Pet. at 1. Mr. Joseph caused personal service of the Petition and

Citation to be executed on Genesis Coin at the location he understood to be Genesis Coin's principal place of business in Austin, Texas on June 2, 2022.  *See* Pet. ¶ 4; Dkt. No. 1-5.  The remaining Defendants were served through counsel.  Defendants then filed papers removing to this Court on June 23, 2022.  Dkt. No. 1.  The same day, Defendants filed an Answer and asserted counterclaims.  Dkt. No. 2.  Counsel for the parties conferred both by telephone and by e-mail to attempt to resolve this dispute without a motion, but without success.  *See* Odom Decl., Ex. 17.

By stipulation of the parties, the Court granted Mr. Joseph an extension of his time to respond to Defendants' counterclaim under the FRCP, until "fourteen days of a ruling on his forthcoming motion to remand."  *See* Text Order Granting Dkt. No. 15.

### III.  ARGUMENT

#### A. Subject matter jurisdiction does not exist, and at least Genesis Coin is a local Texas Defendant precluding removal.

In their Notice of Removal, Defendants assert diversity of citizenship as the sole basis for federal jurisdiction in this matter.  Dkt. No. 1 (cited as "Not. of Remov.") ¶ 2.  However, Mr. Joseph is a resident of Texas, and at least one of the corporate Defendants was almost certainly a citizen of Texas at the time this case was removed.  Thus, no diversity of citizenship exists under 28 U.S.C. § 1332(a), and at least Genesis Coin is a local Texas defendant, precluding removal under 28 U.S.C. § 1441(b)(2).  On either basis, remand is warranted.

Defendants' Notice of Removal, in relevant substance, rests on their presumption that the "nerve center" of all three corporate Defendants is Evan Rose's brain, alone, and that each thus has its principal place of business in Puerto Rico, where Mr. Rose lives for now.  Not. of Remov. ¶ 12, 15; *but see Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's office*r*s direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'" (emphasis added)).  However, Mr. Rose was not, and still is not,

Genesis Coin's only Officer, and Genesis Coin's principal place of business does not move around with Mr. Rose each time he relocates himself.  More importantly, Mr. Rose treats Genesis Coin as a foreign corporation to whom Aquarius exports its services to take advantage of tax incentives available only to those that export services to companies *outside of Puerto Rico*.  Between Genesis Coin's booking 100% of its revenue in Texas, the apparent Act 20 exportation of services to Genesis Coin, the public filings in California and Texas necessary to comply with state laws, and the lack of public filings in Puerto Rico, Defendants cannot meet their burden to justify removal.

> **1.** *The evidence suggests that Genesis Coin's principal place of business remains in Texas—regardless of where Mr. Rose happens to have moved.*

In considering the location of a corporation's "principal place of business" under § 1332 and the nerve center test, this Court has considered evidence such as where the headquarters are located, where the high-level officers exercise control, where the books are kept, and where the key employees are located.  *See Good River Farms, LP v. TXI Operations, LP*, 2018 WL 1770494, at *2 (W.D. Tex. Apr. 12, 2018) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).[1]

Defendants, not Mr. Joseph, bear the evidentiary burden of establishing that each Defendant is a citizen of a state other than Texas. *Martinez v. Pfizer, Inc.*, 388 F. Supp. 3d 748, 762 (W.D. Tex. 2019).  Nonetheless, Mr. Joseph has come forward with evidence that Genesis Coin's principal place of business is, in fact, located in Texas.  Genesis Coin is a start-up technology company that does not have a traditional brick-and-mortar building from which the

---

[1] A list of nine factors has also emerged in this District: "(1) location of corporate and executive offices; (2) site where day-to-day control is exercised; (3) the amount of managerial authority at the executive office; (4) location of corporate records and bank accounts; (5) location where the board of directors and stockholders meet; (6) location where executives live, have offices, and spend their time; (7) location where corporate income tax is filed; (8) location designated in corporate charter; and (9) location where policy, advertising, distribution, accounts receivable departments, and finance decisions originate." *Tran v. Tran*, No. A-17-cv-510-LY-AA, 2017 WL 7736133, at *2 (W.D. Tex. Aug. 25, 2017) (citing *Guitar Holding Co. v. El Paso Natural Gas Co.*, No. EP-10-cv-214-KC, 2010 WL 3338550, at *3 (W.D. Tex. Aug. 18, 2010)).

business is run. Most of the management and transacting occurs online.

However, significant evidence shows that Genesis Coin's nerve center remained in Texas even after one of its Officers, Mr. Rose, moved to Puerto Rico around 2015. Genesis Coin has used at least three addresses in Austin, Texas for business and tax purposes over the past several years, and maintains one to this day. Odom Decl., Exs. 5 ("701 Brazos St., Suite 1616"), 6 ("700 Lavaca St., Suite 1401"), 11 ("5900 Balcones Dr., Suite 100"). Currently, actual day-to-day control of Genesis Coin is more likely exercised by its President, Peter Sentowski, (who lists Genesis Coin as based in Austin) than by its founder, Mr. Rose. Odom Decl., Ex. 12; *see Tran*, 2017 WL 7736133, at *2. Additionally, its 2021 corporate federal income tax return listed a Texas address (and was prepared by a Texas accountant). Joseph Decl., Ex. 1; *see Tran*, 2017 WL 7736133, at *2. Genesis Coin's corporate taxes were filed entirely in Texas at least for at least the past two years—on information and belief, to take advantage of Texas's lack of state corporate income tax. Joseph Decl., Ex. 1; *see Tran*, 2017 WL 7736133, at *2.

More fundamentally, Mr. Rose selected Texas as Genesis Coin's principal place of business because he needed a "nexus" *outside of Puerto Rico* to take advantage of the tax incentives provided by Puerto Rico's Act 20 and Act 22. Odom Decl., Ex. 14; Rose Persona, at 3; Joseph Decl., ¶ 6. Genesis Coin registered to do business in Texas in 2016, around the same time Mr. Rose moved to Puerto Rico and founded Aquarius in Puerto Rico. Odom Decl., Ex. 5. Mr. Rose had moved to Austin specifically because "the business environment there was very friendly." Rose Persona, at 2. Mr. Rose thereafter moved *himself*, and incorporated a *new company* for business in Puerto Rico (Aquarius), but no evidence suggests that Genesis Coin followed him. Odom Decl., Exs. 9, 14. On the contrary, the evidence shows that Mr. Rose took active steps to keep Genesis Coin in Texas—presumably to ensure Aquarius exported services to Genesis Coin. Presumably for similar reasons, Mr. Joseph's Employment Agreement with Genesis

Coin includes the unusual requirement that Mr. Joseph remain a "bonafide Texas resident." Pet., Ex. B, § 4(f). Thereafter, Genesis Coin continued to maintain Texas addresses in all public records as well as its tax returns. Mr. Rose wanted Genesis Coin to be a Texas company for business and tax purposes, and must accept the same for the purpose of federal diversity jurisdiction. Taking Mr. Rose at his word that he operates Genesis Coin in Puerto Rico would raise serious questions with his compliance with Act 20 due to Genesis Coin's nexus with Puerto Rico. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (citation omitted).

### 2. *Defendants' Notice of Removal is inconsistent with publicly available information and insufficient to meet their burden to justify removal.*

Defendants' Notice of Removal is more telling for the evidence it omits than for the little evidence introduces—the Declaration of Evan Rose, to which no exhibits are attached. *Cf. Branon v. Debus*, 289 F. App'x 181, 183 (9th Cir. 2008) (affirming district court's "conclu[sion] that Branon failed to satisfy his burden because he did not 'submit any evidence . . . to corroborate [his] self-serving declarations"). Mr. Rose simply asserts that he is the sole person who exercises any degree of control over Genesis Coin because he founded it. The evidence suggests otherwise. Until around March of this year, Mr. Joseph was an Officer of Genesis Coin, and President Peter Sentowski does not live in Puerto Rico. Odom Decl., Ex. 12.

The Employment Agreement is significant only because it required Mr. Joseph to remain a "bonafide Texas resident." Pet., Ex. B, § 4(f). Genesis Coin did so presumably because, notwithstanding Mr. Rose's moving to Puerto Rico, he wanted Genesis Coin to remain a Texas-based company to provide the required "nexus" outside of Puerto Rico under Act 20. Pet. ¶ 25; Joseph Decl., ¶ 6. Additionally, the agreement stipulates that it "shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of Texas." Pet., Ex. B, § 12.

Defendants seek to minimize the significance of the fact that Genesis Coin paid taxes in Texas by asserting this was merely because it employed Mr. Joseph in Texas. Not. of Remov. ¶ 27. Genesis Coin declared ***100%*** of its substantial worldwide income as earned in Texas—presumably because Texas has no corporate income tax but does have a marginal corporate franchise tax—in both 2020 and 2021. Joseph Decl., Ex. 1. Furthermore, Genesis Coin registered to do business with the Texas Franchise Tax board about three years before Mr. Joseph was appointed as Chief Intellectual Property Officer, in 2016, and filed updates in 2017 and 2018. Odom Decl., Exs. 5, 6, 7. These facts—together with the Act 20 registration by Aquarius—suggest that Genesis Coin was in fact headquartered and earned significant revenue in Texas even when Rose was in Puerto Rico.

Indeed, if Genesis Coin were doing any business at all in Puerto Rico (especially having its nerve center there), it would be required to register with the Puerto Rican State Department (like Aquarius has). Puerto Rico Laws, title 14, subtitle 5, chapter 233, § 3801(b).[2] It has not done so. Odom Decl., Ex. 9 ("Cannot find corporation."). As such, Genesis Coin's nerve center must not be located in Puerto Rico, and the evidence suggests it is in fact in Texas.

### B.   The record here shows Mr. Joseph is entitled to jurisdictional discovery.

For the reasons explained, the factual assertions in Defendants' Notice of Removal and the attached Declaration of Evan Rose are lacking any documentary support, and the documentary evidence currently available – including the Genesis Coin's most recent federal tax return – seems to contradict Defendants' factual assertions. In similar situations, the Fifth Circuit has advised: "while a court should determine whether it has subject matter jurisdiction at the earliest possible

---

[2] ("***No foreign corporation shall do any business in Puerto Rico, directly or through an agent or representative located in Puerto Rico, until it has paid to the Secretary of State the fees payable established in Chapter 237 of this subtitle and filed with the office of the Secretary of State the following***: (1) A certificate (or similar document) issued by the Secretary of State or other officer who has custody of the corporations registry of the jurisdiction of its incorporation evidencing its corporate existence . . . .") (emphasis added).

stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012); *cf. Health Grades, Inc. v. Decatur Mem. Hosp.*, 190 F. App'x 586, 588 (10th Cir. 2006) ("While the district court has broad discretion in determining whether to permit jurisdictional discovery, a refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary.").[3]

If the Court is not inclined at this time to find that all three corporate Defendants are citizens of states other than Texas, jurisdictional discovery on an expedited basis is proper to develop the jurisdictional factual record. At the very least, Mr. Joseph is entitled to depose Mr. Rose regarding the content of his sworn Declaration in support of federal jurisdiction and a corporate representative for the corporate Defendants regarding the facts relevant to the jurisdictional inquiry. A deposition of the accountant who prepared the 2021 tax return is also warranted. Beforehand, Mr. Joseph should be to receive a limited production of documents from Defendants, including any government/tax filings related to Puerto Rican Acts 20 and 22 or similar statutes.

Mr. Joseph proposes an expedited schedule in the attached proposed order, which is reasonably tailored to the instant needs of the case and Defendants' factual burden.

DATED: July 25, 2022

By: */s/ William M. Odom*
    **THE VORA LAW FIRM, P.C.**
    Nilay U. Vora (*pro hac vice*)
    nvora@voralaw.com

---

[3] *See also Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) ("A district court is *not* required to defer ruling on a jurisdictional motion until all discovery contemplated by the plaintiff has been accomplished; instead, an *opportunity* for discovery is required.") (original emphasis); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) ("[T]he district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss [for lack of subject matter jurisdiction].").

Jeffrey A. Atteberry (*pro hac vice*)
jatteberry@voralaw.com
William M. Odom (CA State Bar No. 313428)
will@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401
424-258-5190 (phone)
512-598-0298 (fax)

**MARCUS L. FIFER LAW FIRM, PLLC**
Marcus L. Fifer (TX State Bar No. 24104629, *pro hac vice*)
marcus@fifer.law
P.O. Box 6501
Austin, TX 78762
512-487-0324 (phone)
512-598-0298 (fax)

*Attorneys for Plaintiff Shawn Joseph*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of July, 2022, I electronically filed the foregoing and attachments with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Defendants:

**Holland & Hart LLP**
Jeremy B. Merkelson (jbmerkelson@hollandhart.com)
Michael J. O'Leary (mjoleary@hollandhart.com)
901 K Street NW, Suite 850
Washington, DC 20001
(202) 654-6919
(202) 688-2921 (fax)
Brianne McClafferty (bcmcclafferty@hollandhart.com)
401 North 31st Street, Suite 1500
Billings, MT  59101
(406) 896-4642
(406) 545-2266 (fax)

**Jackson Walker LLP**
Scott W. Weatherford (sweatherford@jw.com)
100 Congress Ave. Suite 1100
Austin, TX 78701
(512) 236-2073
(512) 691-4440 (fax)


                                                */s/ William M. Odom*
                                                William M. Odom