IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAWN JOSEPH,<br><br>    Plaintiff,<br><br>vs.<br><br>GENESIS COIN, INC.; GENESIS SERVICES, INC.; AQUARIUS MANAGEMENT CORP.; and EVAN ROSE,<br><br>    Defendants. | Civil Action No. 1:22-cv-00615-JRN |

**REPLY IN SUPPORT OF PLAINTIFF SHAWN JOSEPH'S OPPOSED MOTION
TO REMAND TO STATE COURT, OR IN THE ALTERNATIVE,
FOR LEAVE TO TAKE EXPEDITED JURISDICTIONAL DISCOVERY**

## **TABLE OF CONTENTS**

I.     REPLY ARGUMENT ........................................................................................................2

      A.     Defendants have not met their burden of establishing diversity, and any doubt should be resolved in favor of remand............................................................2

           1.     Defendants have still failed to offer evidence sufficient to establish Genesis Coin's or Genesis Services' principal places of business. .............3

           2.     Any factual doubt should be resolved in favor of remand..........................5

      B.     Alternatively, the record needs more development, and Mr. Joseph should be granted leave to take jurisdictional discovery.....................................................5

## **TABLE OF AUTHORITIES**

**Cases**

*Branon v. Debus*, 289 F. App'x 181, 183 (9th Cir. 2008) ............................................................... 2

*Martinez v. Pfizer, Inc.*, 388 F. Supp. 3d 748,763 (W.D. Tex. 2019)............................................. 2

*Tran v. Tran*, 2017 WL7736133, at *2 (W.D. Tex. Aug. 25, 2017)................................................ 3

*Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ............................................ 5

**Statutes**

28 U.S.C. § 1441(b)(2) .................................................................................................................. 5

Defendants' story is already changing.  When they filed their Notice of Removal (Dkt. 1, "Not. of Remov."), Evan Rose swore (i) that he is the "Chief Executive Officer of Genesis Coin, Inc." (Dkt. 1-4 ("First Rose Decl.") ¶ 2); (ii) that Genesis Coin is "managed and operated" by him (*id.* ¶ 4); (iii) that he alone "directed, controlled, and coordinated all of the Genesis Group's corporate activities" (*id.* ¶ 8); and (iv) that "all of Mr. Joseph's official activities as CIPO were directed and supervised by" him (*id.* ¶ 11).  Now in Opposition (Dkt. 29, "Opp."), (i) Mr. Rose claims he directs and controls Genesis Coin in his "role" as the "Aquarius CEO" (Dkt. 29-1 ("Second Rose Decl.") ¶ 5); (ii) President **Peter Sentowski** claims to "manage the day-to-day operations of Genesis Coin, Inc." (Dkt. 29-2 ("Sentowski Decl.") ¶ 4); (iii) **Mr. Sentowski** claims to be the "only officer" of Genesis Coin (*id.* ¶ 6); and (iv) **Mr. Sentowski** claims to have been "responsible for acting as [Mr. Joseph's] direct supervisor" (*id.* ¶ 5).  Yet, Mr. Sentowski also claims he is "not an employee of Genesis Coin" (*id.* ¶ 4) and that "Mr. Joseph was the only employee of Genesis Coin" (*id.* ¶ 5), just as Mr. Rose claims "Mr. Joseph was the only employee of Genesis Coin" (Second Rose Decl. ¶ 10).  Mr. Sentowski's and Mr. Rose's statements are false: Genesis Coin had a "Remote Sales and Marketing Associate" who worked from Austin, Texas in 2020, during Mr. Joseph's employment.  *See* Reply Declaration of William Odom, Ex. 18.

Further, Defendants initially asserted that Puerto Rico was the principal place of business of all three corporate Defendants.  Not. of Remov. ¶ 15.  Now, they shift to claiming that Genesis Coin and/or Genesis Services might have their principal places of business in the continental United States because Mr. Sentowski lives in New Jersey (despite holding Genesis Coin out publicly as an Austin-based company).  Opp. at 3-4; *but see* Dkt. 23-16 (Ex. 12).  Yet, they still rely only on conclusory declarations, neglecting to submit any internal records at all, besides a Puerto Rico tax incentive grant **to Aquarius**, which is expressly premised on Aquarius' "services [being] rendered for markets **outside of Puerto Rico**," including "**Genesis Coin, Inc.**"  Second

Rose Decl., Ex. 6, at 3; *see also id.* at 3 ("It also provides, as an indispensable requisite, that *the services cannot have a nexus with Puerto Rico*."). Their initial representation that Genesis Coin keeps its principal place of business in Puerto Rico was plainly false. *See also* Dkt. 23-13 (Ex. 9).

Defendants also never bother to acknowledge or explain the fact that Genesis Coin filed *100%* of its taxes in Texas in both 2020 and 2021, as reflected in a tax return dated February 4, 2022. Dkt. 23-5 (Ex. 1) (filed under seal). The substantial income declared as being earned in Texas in those two years (after Mr. Rose had moved), the Texas address still listed for Genesis Coin, and the recent engagement of a Texas accountant all belie Defendants' new assertion that Genesis Coin keeps its principal place of business in New Jersey.

To avoid the troubling implications of these inconsistencies, Defendants make factual claims regarding the "Genesis *Group*," rather than each entity defendant. But Defendants have failed to carry their burden of establishing complete diversity for each entity and the absence of a local defendant. Alternatively, discovery is warranted to nail down Defendants' shifting targets. Despite bearing the burden, Defendants have declined to submit tax records, bank account records, contracts, articles of incorporation, or any other kind of document sufficient to show where Genesis Coin's principal, physical place of business is located. Thus, this record justifies the depositions of a Genesis Coin corporate representative, Mr. Rose, Mr. Sentowski, and Mr. Tyra, as well as related document requests. *See* Dkt. 23-1 (Proposed Order).

### I.     REPLY ARGUMENT

#### A.     Defendants have not met their burden of establishing diversity, and any doubt should be resolved in favor of remand.

Defendants bear the burden of establishing complete diversity of the parties. *Martinez v. Pfizer, Inc.*, 388 F. Supp. 3d 748, 763 (W.D. Tex. 2019). Thus, Defendants are required to submit *documentation*, not conclusory declarations, regarding their principal places of business. *See Branon v. Debus*, 289 F. App'x 181, 183 (9th Cir. 2008); *Martinez*, 388 F. Supp. 3d at 758 (The

"court must be *certain* that all plaintiffs have a different citizenship from all defendants." (citation omitted; emphasis added)). At best, Defendants' evidence here suggests that *Aquarius* keeps its principal place of business somewhere in Puerto Rico (though Defendants offer no specific address). They offer no documents as to the whereabouts of Genesis Coin or Genesis Services.

> **1.    *Defendants have still failed to offer evidence sufficient to establish Genesis Coin's or Genesis Services' principal places of business.***

Defendants' minimal evidentiary showing falls short as to each factor considered relevant to the "nerve center" test. *Tran v. Tran*, 2017 WL7736133, at *2 (W.D. Tex. Aug. 25, 2017).

**Factor 1: Location of Offices.** Defendants offer no address for Genesis Coin or Genesis Services in Puerto Rico or in New Jersey, but instead try to explain away why Genesis Coin uses addresses in Texas to this day. Opp. at 6. They acknowledge that Rose "historically" used 701 Brazos St. as a Genesis Coin office, but do not state whether anybody else still does. *Id.* It remains unclear whether Genesis Coin or Genesis Services own or lease any property anywhere.

**Factor 2: Site of Day-to-Day Control.** Mr. Sentowski publicly represents that Genesis Coin is based in Austin. Dkt. 23-16 (Ex. 12). Defendants offer no explanation for this representation. According to Defendants, Genesis Coin has no employees to direct, and it remains unclear from the declarations submitted what day-to-day operations remain. In contrast, the evidence shows that the accounting for Genesis Coin is conducted in Texas. Dkt. 23-5 (Ex. 1).

**Factor 3: Amount of Managerial Authority.** Defendants first claimed that all three entities were managed entirely by Mr. Rose, but now admit that Mr. Sentowski exercises at least some managerial authority. Opp. at 7. It remains unclear how often they exert managerial authority in Texas. For instance, managerial authority was exercised at least over Genesis Coin's Texas-based accountant on February 4, 2022. Dkt. 23-5 (Ex. 1). This likely continues to date.

**Factor 4: Location of Corporate Records/Bank Accounts.** With revealing caginess, both Mr. Rose and Mr. Sentowski insist that they "*access*" Genesis Coin's corporate records

"*from*" places other than Texas, but offer no evidence as to where those records are *kept*.  Second Rose Decl. ¶ 17; Sentowski Decl. ¶ 10.  It is reasonable to suspect that some, or perhaps all, of Genesis Coin's records are kept at its accountant's office at 1700 Pacific Avenue.  Dkt. 23-5 (Ex. 1).  They also claim Genesis Coin uses a bank "*based in* California" and that Genesis Coin "*utilizes* bank accounts *based in* California," but offer no evidence regarding the bank account in which Genesis Coin must have received 100% of its 2020 and 2021 income in Texas.  Dkt. 23-5 (Ex. 1).

**Factor 5: Location Where Board/Shareholders Meet.**  Defendants have offered no corporate records for Genesis Coin—such as Board and shareholder meeting minutes—that would provide evidence supporting this factor.  Similarly, Defendants have offered no evidence regarding the identity of the shareholders of Genesis Coin or their residences.  Defendants assert that Mr. Rose is the "sole shareholder" of *Aquarius*, but make no mention of Genesis Coin's or Genesis Services' shares.  Opp. at 3; *see also* Pet., Ex. C (grant of Genesis Coin shares to Mr. Joseph).

**Factor 6: Location of Executives.**  Mr. Sentowski claims not to be an employee of Genesis Coin, but also to be the President and Chief Strategy Officer of Genesis Coin.  Sentowski Decl. ¶ 4.  So, Defendants' assertion that they "have no employees" in Texas (Opp. at 5) raises more questions than it answers.  Mr. Sentowski publicly represents that he manages Genesis Coin in "Austin, Texas."  Dkt. No. 23-16 (Ex. 9).  Furthermore, Mr. Joseph, while employed, was required to remain a "bonafide Texas resident."  Pet., Ex. B, § 4(f).  Defendants' self-serving declarations do not explain why, according to both public and private documents that pre-date this litigation, Genesis Coin's executives operated in and from Texas.  *See also* Reply Odom Decl., Ex. 18.

**Factor 7: Location of Corporate Tax.**  Defendants do not dispute that this favor weighs in favor of Texas because Genesis Coin filed the entirety of its corporate taxes in Texas in at least the past two years, and will likely do so again for 2022.  *See* Dkt. 23-5 (Ex. 1); Opp. at 6-7.

**Factor 8: Location Designated in Corporate Charter.**  Defendants offer no evidence of

Genesis Coin's or Genesis Services' corporate charters, likely because they mention Texas.

**Factor 9: Location of Policy/Financial Decisions.** At least the decision to file 100% of Genesis Coin's corporate taxes in Texas in 2020 and 2021 was made in Texas, as reflected by its tax return. Dkt. 23-5 (Ex. 1). Given Defendants' representation in Opposition that Genesis Coin no longer has any employees whatsoever, the retained accountant likely has significant discretion and consults with Mr. Rose and/or Mr. Sentowski from his office in Dallas. *Id.*

### 2.   *Any factual doubt should be resolved in favor of remand.*

The law is well-settled that where, like here, there exists any doubt about the propriety of removal, such doubt should be resolved in favor of remand as a matter of federalism. *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). Thus, the Court should remand to allow Mr. Joseph's case to proceed in state court as originally filed.

### B.   Alternatively, the record needs more development, and Mr. Joseph should be granted leave to take jurisdictional discovery.

If the Court is not inclined to remand yet, it should at least grant Mr. Joseph leave to take the jurisdictional discovery specified in the Proposed Order filed with his Motion. Dkt. 23-1. Defendants' evidence to date raises more questions than it answers, and targeted document requests and depositions would allow for development of the currently limited record regarding Genesis Coin's and Genesis Services' principal places of business. Specifically, Mr. Joseph expects to discover that Genesis Coin's records were kept, and important business decisions were made, at 1700 Pacific Avenue Suite 4710 Dallas, TX 75201 as of the time of removal.

There is no basis for jurisdictional discovery of Mr. Joseph because Mr. Joseph's citizenship is not at issue, and he is not asserting federal jurisdiction. Importantly, even if Mr. Joseph were a citizen of a state other than Texas, and even if the parties were completely diverse, Genesis Coin would still be a local, Texas defendant precluding proper removal under 28 U.S.C. § 1441(b)(2). Depositions of existing officer/employees/agents of Genesis Coin make more sense.

DATED: August 15, 2022

By: */s/ William M. Odom*
**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (*pro hac vice*)
nvora@voralaw.com
Jeffrey A. Atteberry (*pro hac vice*)
jatteberry@voralaw.com
William M. Odom (CA State Bar No. 313428)
will@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401
424-258-5190 (phone)
512-598-0298 (fax)

**MARCUS L. FIFER LAW FIRM, PLLC**
Marcus L. Fifer (TX State Bar No. 24104629, *pro hac vice*)
marcus@fifer.law
P.O. Box 6501
Austin, TX 78762
512-487-0324 (phone)
512-598-0298 (fax)

*Attorneys for Plaintiff Shawn Joseph*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2022, I electronically filed the foregoing and attachments with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Defendants:

**Holland & Hart LLP**
Jeremy B. Merkelson (jbmerkelson@hollandhart.com)
Michael J. O'Leary (mjoleary@hollandhart.com)
901 K Street NW, Suite 850
Washington, DC 20001
(202) 654-6919
(202) 688-2921 (fax)
Brianne McClafferty (bcmcclafferty@hollandhart.com)
401 North 31st Street, Suite 1500
Billings, MT  59101
(406) 896-4642
(406) 545-2266 (fax)

**Jackson Walker LLP**
Scott W. Weatherford (sweatherford@jw.com)
100 Congress Ave. Suite 1100
Austin, TX 78701
(512) 236-2073
(512) 691-4440 (fax)

                                                                  */s/ William M. Odom*
                                                                  William M. Odom

REPLY IN SUPPORT OF MOTION TO REMAND / FOR JURISDICTIONAL DISCOVERY