**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **SHAWN JOSEPH,** § § § § § § § § § §<br>          *Plaintiff*<br>**-vs-**<br>**GENESIS COIN, INC., GENESIS SERVICES, INC., AQUARIUS MANAGEMENT CORP., EVAN ROSE,**<br>          *Defendants* | **A-22-CV-00615-JRN** |

## ORDER

Before the Court in the above-entitled cause of action is Plaintiff's Motion to Remand to State Court (Dkt. 23). Plaintiff moves to remand on the basis that defendant Genesis Coin, Inc. is a citizen of Texas, destroying diversity jurisdiction. *Id*. at 2. For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

### I.     BACKGROUND

On May 19, 2022, Plaintiff filed an Original Petition alleging various purported causes of action against Defendants arising from his prior employment with the Genesis Group (Dkt. 1). On June 23, 2022, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *Id*.

Plaintiff alleges he is a resident of Texas. *Id*. Defendants allege that each separate Defendant has citizenship diverse from Texas. *Id*. Specifically, Defendants argue that the principal place of business or "nerve center" of all three defendant entities in the Genesis Group is San Juan, Puerto Rico, where the founder and CEO resides and directs, controls, and coordinates their activities. *Id*.

## II.     LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *Id.* § 1332(a)(1). Removal cases raise significant federalism concerns; "the effect of removal is to deprive the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). As a result, the removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Corporate Defendants each have dual citizenship in (1) their state of incorporation; and (2) the state in which they have their "principal place of business." 28 U.S.C. § 1332(c)(1). Courts consider a number of factors to determine the location of the "nerve center," including the: (1) location of corporate and executive offices; (2) site where day-to-day control is exercised; (3) amount of managerial authority at the executive office; (4) location of corporate records and bank accounts; (5) location where the board of directors and stockholders meet; (6) location where executives live, have offices, and spend their time; (7) location where corporate income tax is filed; (8) location, designated in corporate charter; and (9) location where policy advertising, distribution, accounts receivable departments and finance decisions originate." *Tran v. Tran,* 2017 U.S. Dist. LEXIS 218697, at *5 (W.D. Tex. Aug. 25, 2017).

## III.     DISCUSSION

The dispute in the case at hand centers on the citizenship of one the defendant entities, Genesis Coin, Inc. (Dkt. 23 at 1). The Court finds that Defendants have not fulfilled their burden of establishing Genesis Coin as a diverse entity. Further, the Court finds that the evidence presented by the Plaintiff establishes that Genesis Coin Inc. is a citizen of Texas.

In their Notice of Removal (Dkt. 1), Defendants argue that the citizenship of Genesis Coin lies in Delaware where it is incorporated as well as in San Juan, Puerto Rico (Dkt 1). Defendants presented as evidence the declaration of Evan Rose, the founder and CEO of defendant entities. (Dkt. 1, Exhibit 2). In their response brief, defendants provide two more declarations: the second declaration of Evan Rose, and the declaration of Peter Sentowski, the president of Genesis Coin (Dkt. 29, Exhibits 1-2).  These declarations not only fail to establish that the nerve center of Genesis Coin is in Puerto Rico: they provide evidence that the nerve center is in Texas.

In his first declaration, Evan Rose swore that (1) he is the "Chief Executive Officer of Genesis Coin, Inc."; (2) that Genesis Coin is "managed and operated" by him; (3) that he alone "directed, controlled, and coordinated all of the Genesis Group's corporate activities"; (4) that "Mr. Joseph was the only employee of the Genesis Coin, Inc. in Texas during the time that he served as the CIPO until his termination in March 2022"; and (5) that "all of Mr. Joseph's official activities as CIPO were directed and supervised by" Evan Rose himself (Dkt. 1, Exhibit 2). Then, in response to Plaintiff's motion to remand, which pointed out errors and deficiencies in these claims, Defendants changed their story in the declarations attached to the response. Now, Evan Rose states that he directs and controls Genesis Coin in his "role" as the "Aquarius CEO" rather than as the CEO of Genesis itself (Dkt. 29 Exhibit 1 at ¶ 5). Conversely, Peter Sentowski claims to "manage the day-to-day operations of Genesis Coin, Inc." (Dkt. 29, Exhibit

2 at ¶ 4). Sentowski also claims to be the "only officer" of Genesis Coin and was "responsible for acting as [Mr. Joseph's] direct supervisor." Id. at ¶ 6. Despite this, Sentowski also claims he is "not an employee of Genesis Coin" and that "Mr. Joseph was the only employee of Genesis Coin." Id. at ¶ 4-5. Sentowski then claims to operate Genesis Coin from New Jersey (Dkt. 29, Exhibit 2 at ¶ 1–4). Defendants use this evidence to attempt to explain that the citizenship lies "possibly [in] New Jersey for Genesis Coin and Genesis Services, but certainly not Texas." (Dkt. 29 at 6).

Quite simply, this twisting and turning does not help Defendants' position. Rather, it shows a willingness to say anything, no matter how contradictory or unsupported, to escape proper state court jurisdiction in Texas. It also shows that the Texas state court is, indeed, the appropriate forum for this dispute.

At the threshold, the basis for the original Notice of Removal—that Genesis Coin is a citizen of Puerto Rico—is directly refuted by Defendants' own evidence in the form of a Puerto Rico tax incentive grant to Aquarius, which is expressly premised on Aquarius' "services [being] rendered for markets outside of Puerto Rico," including "Genesis Coin, Inc." (Dkt. 29, Exhibit 6). The same grant also states that it "provides, as an indispensable requisite, that the services cannot have a nexus with Puerto Rico." *Id*. Thus, the evidence put forth by Defendants themselves show that Genesis Coin is not a citizen of Puerto Rico as alleged in the Notice of Removal. On that basis alone, the Notice of Removal was incorrect, and the case must be remanded.

Further, so that this matter does not reemerge with the claim that Genesis Coin is a New Jersey entity, the evidence is clear that Genesis Coin is a citizen of Texas. As just a few examples, Exhibits presented by Plaintiff show the following: (1) Sentowski publicly represents

that Genesis Coin is based in Austin.(Dkt. 23, Exhibit 12); (2) The accounting for Genesis Coin is done in Texas (Dkt. 23-5); and (3) The entirety of corporate taxes filed the past several years were filed in Texas (Dkt. 23-5). Defendants do not dispute that the public representation and accounting pieces continue into the present, and certainly post-date the filing of this action in state court. The only basis for dispute now proffered by Defendants is that Sentowski lives in New Jersey and works from there. However, per Rose's declarations, Sentowski is not the person who directs and controls Genesis Coin, and per Sentowski's own declaration, he is not, and has not been, a Genesis employee.

Based on the evidence given, the Court finds that Genesis Coin is, in fact, a Texas entity. No further jurisdictional discovery is necessary to investigate that which is already clear.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion to Remand the case is **GRANTED** and this case should be remanded to the 201st Judicial District Court of Travis County, Texas.

SIGNED this 21st day of December, 2022.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE