IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAWN JOSEPH,<br><br>          Plaintiff,<br><br>     vs.<br><br>GENESIS COIN, INC.; GENESIS SERVICES, INC.; AQUARIUS MANAGEMENT CORP.; and EVAN ROSE,<br><br>          Defendants. | Civil Action No. 1:22-cv-00615-JRN |

**PLAINTIFF SHAWN JOSEPH'S OPPOSED MOTION
FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(C)**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1
CONFERENCE OF COUNSEL ...........................................................................................2
RELEVANT BACKGROUND.............................................................................................2
    I.    Defendants Removed this Case Based on False and Incomplete Allegations. ..............2
    II.    This Court Remands the Case, Finding that Genesis Coin Is a Texas Entity. .............4
ARGUMENT.........................................................................................................................5
    I.    An Award of Plaintiff's Attorneys' Fees and Costs Is Appropriate Because Defendants Lacked an Objectively Reasonable Basis for Removal. ...........................5
    II.    Plaintiff's Requested Fees Are Reasonable. ................................................................7
        A.    The hours expended are reasonable...........................................................................8
        B.    The hourly rates are within the reasonable market rate in the Austin Division of the Western District of Texas...............................................................................9
        C.    The Johnson factors confirm the reasonableness of the lodestar............................10
CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Heaven Media Limited v. Rebecca Everts and Reset Nation, LLC*,
   No. 1:22-CV-00025-LY, 2022 WL 17443627, at *6 (W.D. Tex. Dec. 6, 2022) ......................10

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)............................................5

*King v. United SA Federal Credit Union*,
   744 F.Supp.2d 607, 611 (W.D. Tex. 2010) .................................................................7, 8, 9, 10

*Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) .....................................................5, 6

*MidCap Media Fin., LLC Pathway Data, Inc. v. MidCap Media Fin., LLC*,
   No. 1:15-CV-00060-SH, 2021 WL 4267719, at *3 (W.D. Tex. Sept. 20, 2021)......................10

*MidCap Media Fin., LLC v. Pathway Data, Inc.*,
   No. 1-15-CV-00060-AWA, 2018 WL 7890668, at *3 (W.D. Tex. Dec. 19, 2018)...................10

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,*
   478 U.S. 546, 565 (1986) ........................................................................................................10

*Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993)..................................................7, 8

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
   685 F.3d 486, 490 (5th Cir. 2012) .............................................................................................7

**Statutes**

28 U.S.C. § 1332 .............................................................................................................................2

28 U.S.C. § 1441 .............................................................................................................................2

28 U.S.C. § 1446 .............................................................................................................................2

28 U.S.C. § 1447(c) ................................................................................................................1, 5, 6

**Rules**

Local Civil Rule CV-7(g)................................................................................................................2

## INTRODUCTION

This Court has already declared "the evidence is clear that Genesis Coin is a citizen of Texas."  Dkt. No. 32.  Defendants' own evidence "directly refuted" Defendants' original claim that Defendant Genesis Coin, Inc. is a citizen of Puerto Rico.  *Id*.; *see also* Dkt. No. 29, Ex. 6.  Given this clear evidence produced by the Defendants themselves, it was objectively unreasonable for Defendants to remove this case to federal court on the basis of diversity jurisdiction.  *See* Dkt. No. 1.  Furthermore, Defendants went to unusual lengths in their efforts to obfuscate these clear facts.  Defendants' removal was supported initially by a declaration from Defendant Evan Rose that contained no documentary evidence.  *See id*.  In doing so, Defendants ignored the relevant evidence that was in their possession and attempted to take advantage of the fact that Defendant Evan Rose alone knows the full story of how the Defendants are structured, operate, and relate to one another.  Nevertheless, after an intensive factual investigation, Plaintiff presented this Court with evidence that Genesis Coin was, in fact, a citizen of Texas.  *See* Dkt. No. 23.  In response, Defendants submitted additional declarations that contradicted their previously sworn statements.  *See* Dkt. No. 29; *see also* Dkt. No. 32.  As this Court found, however, Defendants' "twisting and turning" could not change that which was "already clear" and only demonstrated "a willingness to say anything, no matter how contradictory or unsupported, to escape proper jurisdiction in Texas."  Dkt. No. 32.

Given the objectively unreasonable basis for Defendants' removal and the unusual circumstances surrounding Defendants' contradictory and incomplete evidence in support of removal, an award of Plaintiff's fees and costs pursuant to 28 U.S.C. § 1447(c) is appropriate.  Plaintiff, therefore, requests an attorneys' fees award of $33,710.00, plus an additional $300 in associated *pro hac vice* fees.

## CONFERENCE OF COUNSEL

Pursuant to Local Civil Rule CV-7(g), prior to filing this motion, counsel for the parties conferred on December 29, 2022, in a good-faith attempt to resolve the matter by agreement. No agreement regarding the appropriate payment of fees could be reached, however. *See* Declaration of Jeffrey A. Atteberry ("Atteberry Decl."), ¶ 2.

## RELEVANT BACKGROUND

### I. Defendants Removed this Case Based on False and Incomplete Allegations.

Plaintiff originally filed this action in the District Court of Travis County, Texas, on May 19, 2022. Shortly thereafter, Defendants indicated that they intended to remove the matter to federal court. *See* Atteberry Decl., ¶ 3. The parties promptly met and conferred on the issue, and Plaintiff asked Defendants to identify the basis for removal. *See id.*, ¶¶ 3-4, Ex. 1. In response, Defendants stated that the basis for removal was diversity jurisdiction. *Id.*, ¶ 4. Plaintiff explained that Genesis Coin was a Texas entity and, therefore, there was no diversity jurisdiction. *See id*. Counsel for Defendants dismissed Plaintiff's assertions, however; and Plaintiff encouraged Defendants to review the factual evidence. *See id*. Defendants' disregard for the basic facts of the case were further demonstrated by a lack of knowledge of the basic identities of the parties. During this meeting, Defendants' counsel described Plaintiff as "white," even though the Petition clearly identified Plaintiff as being from "Kerala, South India" and Defendant Rose undoubtedly is aware of Mr. Joseph's South Indian racial and ethnic heritage. *See id.*; *see also* Dkt. No. 1, Ex. 1 at ¶ 13.

Defendants then proceeded to remove the case to federal court under 28 U.S.C. sections 1332, 1441, and 1446 on June 23, 2022. Dkt. No. 1. As the alleged basis for removal, Defendants originally asserted that none of the defendants, including Genesis Coin, were citizens of Texas. *See id*. Instead, Defendants asserted that all three corporate defendant entities (collectively, "Genesis Group") had their principal place of business in San Juan, Puerto Rico,

where individual defendant Mr. Rose resides and allegedly directs and controls the activities of the Genesis Group. *See id.* As evidence for these allegations, Defendants submitted a declaration from Mr. Rose. *See id.* In his declaration, Mr. Rose swore that:

- He is the "Chief Executive Officer of Genesis Coin, Inc.";
- Genesis Coin is "managed and operated" by him;
- He has "directed, controlled, and coordinated all of Genesis Group's activities" since February 2017;
- "Mr. Joseph was the only employee of the Genesis Coin, Inc. in Texas during the time that he served as the CIPO until his termination in March 2022"; and
- "[A]ll of Mr. Joseph's official activities as CIPO were directed and supervised by" Mr. Rose himself.

*See* Dkt. 1, Ex. 2 at ¶¶ 2, 4, 8, 9, and 11. None of these assertions were supported by any documentary evidence.

In advance of Plaintiff's motion to remand, the parties again met and conferred on the proposed remand motion. *See* Atteberry Decl., ¶ 5. During this process, Plaintiff identified publicly available tax records for Genesis Coin filed with the state of Texas providing different Texas addresses as Genesis Coin's corporate address. *See id.*, ¶ 5, Ex. 2; *see also* Dkt. Nos. 23-9, 23-10, 23-11, and 23-12. For a second time, Defendants continued to ignore the facts with which they were presented and opposed Plaintiff's motion. *See* Atteberry Decl., Ex. 2.

Plaintiff, therefore, brought his motion to remand. Dkt. No. 23. In his motion, Plaintiff identified a number of factual misrepresentations in Mr. Rose's declaration. *See id. passim.* Plaintiff included as exhibits the various tax filings with the state of Texas showing that Genesis Coin held itself out to the state of Texas as being located in and operating from Texas. *See* Dkt. Nos. 23-9, 23-10, 23-11, and 23-12. Plaintiff also identified the role of Peter Sentowski, who

serves as Genesis Coin's President and Chief Strategy Officer and who manages the day-to-day operation of Genesis Coin. *See id.*; *see also* Dkt. 23-16. Mr. Sentowski's own LinkedIn profile shows that he publicly represents that Genesis Coin is based in Texas. *See* Dkt. 23-16. Plaintiff also presented evidence that the accounting for Genesis Coin is performed in Texas, and Genesis Coin's corporate taxes have been filed in Texas for the past several years. *See* Dkt. 23-5. Furthermore, Plaintiff demonstrated that Defendant Aquarius Management applied for a special tax incentives grant in Puerto Rico on the basis that it provided "services for clients outside of PR [Puerto Rico]," when its primary (if not only) client was, in fact, Genesis Coin. *See* Dkt. 23-18.

Confronted with these inconsistencies and omissions, Defendants submitted a second declaration from Mr. Rose and declaration from Mr. Sentowski in support of their opposition to the motion to remand. Dkt. No. 29. The Defendants' new declarations contradicted the allegations in the notice of removal in order to fit the evidence presented by Plaintiff's motion to remand. *See id.* Moreover, Defendants' own evidence now supported Plaintiff's motion to remand. Defendants submitted as an exhibit the Grant of Tax Exemption issued by Puerto Rico to Aquarius Management, which clearly stated that it was being issued for "services rendered for markets outside of Puerto Rico," including services to "Genesis Coin, Inc." *Id.*, Ex. 6.

## II. This Court Remands the Case, Finding that Genesis Coin Is a Texas Entity.

On December 21, 2022, this Court granted Plaintiff's Motion to Remand. Dkt. No. 32. The Court did so finding "the evidence is clear that Genesis Coin is a citizen of Texas." *Id.* at 4. In reaching this conclusion, this Court took notice of Defendants' changing and contradictory allegations in their notice of removal and their opposition briefing, remarking that "this twisting and turning does not help Defendants' position." *Id.* Rather than supporting Defendants' removal, the declarations submitted by Mr. Rose and Mr. Sentowski "show[ed] a willingness to say anything, no matter how contradictory or unsupported, to escape proper state court

jurisdiction in Texas." *Id.*

In contrast, Plaintiff's motion to remand included extensive documentary evidence, all of which was also in the possession of Defendants at all times, that plainly established that Genesis Coin was a Texas entity. *See id*. at 4-5. Defendants did not refute any of this evidence in its opposition. On the contrary, as the Court pointed out in its order on the motion to remand, "the evidence put forth by Defendants themselves show that Genesis Coin is not a citizen of Puerto Rico as alleged in the Notice of Removal." *Id.* at 4. As a result, the Court found that jurisdictional discovery was not "necessary to investigate that which is already clear" and granted Plaintiff's motion to remand. *Id.* at 5.

## ARGUMENT

### I. An Award of Plaintiff's Attorneys' Fees and Costs Is Appropriate Because Defendants Lacked an Objectively Reasonable Basis for Removal.

This Court has already issued an order remanding this case to state court. Under 28 U.S.C. section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A request for fees under the statute is assessed by "the reasonableness of the removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. However, courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* For example, a "failure to disclose facts necessary to determine jurisdiction" may warrant an award of fees. *Id*. In deciding a motion for fees under section 1447(c), courts "should recognize the desire to deter removals for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140.

An award of Plaintiff's costs and expenses is appropriate in this case because the basis for Defendants' removal was objectively unreasonable. As this Court found, "the evidence is clear that Genesis Coin is a citizen of Texas," Dkt. No. 32 at 4, and it was objectively unreasonable for Defendants to persist in asserting otherwise. Defendants themselves had access to all of the relevant factual evidence at all times. However, rather than research and heed the relevant facts that were in Defendants' possession and control, Defendants initially ignored all relevant evidence, including important tax filings in both Texas and Puerto Rico. Instead, they submitted a declaration from Mr. Rose in support of its notice of removal that misrepresented the basic facts concerning the organization and management of Genesis Coin. Defendants' misrepresentations were plainly demonstrated in Plaintiff's motion to remand, which presented relevant documentary evidence showing Genesis Coin is a Texas entity. Defendants continued to ignore this evidence in their reply. The unreasonableness of Defendants' basis for removal is demonstrated by their own evidence showing that "Genesis Coin is not a citizen of Puerto Rico as alleged in the Notice of Removal." Dkt. No. 32. As the Court observed when denying the need for any jurisdictional discovery, the facts are "clear." *Id.* It was unreasonable for Defendants to ignore such a "clear" set of facts.

An award of Plaintiff's costs and fees is separately and independently warranted by the "unusual circumstances" of Defendants' removal. *Martin*, 546 U.S. at 141. Defendants failed to bring highly relevant facts of which they were aware to the Court's attention and instead submitted a series of declarations that presented an ever-changing version of the relevant facts. Such willful obfuscation of the "facts necessary to determine jurisdiction" constitutes "unusual circumstances" that further supports an award of costs and fees under section 1447(c). *Id.* Through such conduct, Defendants have done nothing more than used a federal procedure to prolong litigation and impose unwarranted burdens on Plaintiff and this court. *Id*. at 140.

## II. Plaintiff's Requested Fees Are Reasonable.

In determining the amount of attorneys' fees to be awarded, courts use "the 'lodestar' method to calculate attorneys' fees, which is applied by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). There is a "strong presumption that the lodestar award is the reasonable fee." *Id.* (citations omitted). Once the lodestar has been calculated, the court "examines the amount and may increase or decrease the lodestar fee using the *Johnson* factors." *King v. United SA Federal Credit Union*, 744 F.Supp.2d 607, 611 (W.D. Tex. 2010) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993)).

Plaintiff requests an award of his attorneys' fees based on the following rates and hours spent opposing Defendants' removal:

| Attorney | Experience | Hours | Rate | Fee Amount |
|---|---|---|---|---|
| William S. Odom[1] | 6 years | 47.8 | $575 | $27,485.00 |
| Jeffrey A. Atteberry | 13 years | 8.3 | $750 | $6,225.00 |
| **TOTALS** | | 56.1 | $600.89 (Blended) | $33,710.00 |

*See* Atteberry Decl., ¶ 10, Ex. 3. In an exercise of discretion, Plaintiff is not seeking reimbursement for the 5.9 and 1.3 hours that attorneys Nilay U. Vora and Marcus L. Fifer spent, respectively, on remand-related matters. *Id.* ¶ 12. No adjustment of this lodestar amount is necessary or appropriate.

---

[1] Mr. William Odom left The Vora Law Firm, P.C. and filed a motion to withdraw, after Plaintiff's motion to remand was fully briefed, but before the Court issued its order. *See* Dkt. No. 31. Mr. Odom is the only attorney for Plaintiff admitted to practice in this Court, but Plaintiff's other attorneys remain admitted *pro hac vice* in this matter. *See* Dkt. Nos. 16-18. Nevertheless, in an abundance of procedural caution, Mr. Odom has filed a new notice of appearance in this matter to ensure that Plaintiff remains associated with a sponsoring attorney on this matter while the instant motion for fees is heard. *See* Dkt. No. 34.

In addition, Plaintiff is seeking $300 for the *pro hac vice* admission fees that would not have otherwise been incurred but for Defendants' unreasonable removal to this jurisdiction. *See* Dkt. Nos. 12, 13, and 14.

### A. <u>The hours expended are reasonable.</u>

"The reasonableness of hours depends, among other things, upon the novelty and difficulty of the issues and the level of opposition during the litigation." *King*, 744 F.Supp.2d at 613 (citing *Shipes*, 987 F.2d at 321). The hours for which Plaintiff's counsel is seeking compensation are reasonable. Defendants presented an incomplete and misleading presentation of the relevant facts, resulting in a high level of opposition from Plaintiff and an unusually difficult factual dispute. *See* Atteberry Decl., ¶¶ 3-5, 13.

Only Defendant Mr. Rose knows completely how the various Defendant entities are organized, operate, and relate to one another. Defendants attempted to leverage this asymmetry in access to the relevant evidence to present a partial and incomplete version of the facts that ignored the objective evidence showing that Genesis Coin is a Texas entity. However, the assertions presented in Defendants' original declaration supporting removal did not harmonize with the facts as Plaintiff knew them. Consequently, Plaintiff, acting through his counsel, engaged in a thorough investigation of the limited factual information that was available to him, including an in-depth analysis of Defendant Aquarius Management Corp.'s Act 20 registration with Puerto Rico. *See* Dkt. No. 23. As a result, Plaintiff had to spend considerable time and effort researching the factual background, locating evidentiary materials, and preparing an extensive factual record for this Court to review. *See* Atteberry Decl., ¶¶ 5, 13. The underlying factual issues, therefore, were complex, and the development and presentation of the factual record took considerable time and effort. *See id.*

The amount of time and effort necessary for this process was exacerbated by Defendants' conduct. *See id*. All of the information that was eventually obtained by Plaintiff and presented to the Court was known to the Defendants when they removed this case to federal court on the alleged grounds that Genesis Coin was a citizen of Puerto Rico, not Texas. Furthermore, Plaintiff himself brought much of the evidence to Defendants' attention during the meet and confer process. *See id*. But Defendants themselves ignored all of this evidence throughout the process and demonstrated a disregard for the basic facts of this case. *See id*. Instead, at every stage of the meet and confer process, Defendants continued to obfuscate the relevant facts and repeatedly changed their story. *See id*. Given this "level of opposition," *King*, 744 F.Supp.2d at 613, Plaintiff had to engage in a sustained and diligent effort to make a clear, truthful, and evidence-based presentation to this court on the relevant issues. *See* Atteberry Decl., ¶¶ 10-13. Under these circumstances, a total of 56.1 attorney billable hours is reasonable.

### B. The hourly rates are within the reasonable market rate in the Austin Division of the Western District of Texas.

The billable rates for Plaintiff's counsel are within the reasonable market rate. William S. Odom is a 2016 law school graduate who has practiced extensively in the areas of commercial litigation. *Id.*, ¶ 6. Mr. Odom's standard billable hourly rate charged by William Odom at The Vora Law Firm, P.C. is $575. *Id.* Jeffrey A. Atteberry is a principal at The Vora Law Firm with thirteen years of litigation experience, and his standard billable rate during the relevant period was $750 per hour. *Id.*, ¶¶ 7-9. For this matter, the total number of hours divided by the total amount of fees yields a blended hourly rate of $600.89. *See id.*, ¶10, Ex. 3. Both the hourly rates for each of Plaintiff's attorneys and the blended hourly rate are within the reasonable market rate in the Austin Division of the Western District of Texas for comparable work. *See, e.g., Heaven Media Limited v. Rebecca Everts and Reset Nation, LLC*, No. 1:22-CV-00025-LY, 2022 WL 17443627,

at *6 (W.D. Tex. Dec. 6, 2022) (approving a blended rate of $602.22, based on partner level work at $750 per hour and fifth year associate work at $525 per hour, as being within the reasonable market rate for the Austin area); *see also MidCap Media Fin., LLC Pathway Data, Inc. v. MidCap Media Fin., LLC*, No. 1:15-CV-00060-SH, 2021 WL 4267719, at *3 (W.D. Tex. Sept. 20, 2021) (approving hourly rates of $530 and $495 for midlevel associate work in the Austin area); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, No. 1-15-CV-00060-AWA, 2018 WL 7890668, at *3 (W.D. Tex. Dec. 19, 2018) (approving hourly rates of $755 and $725 for partner work in Austin area).

### C. The Johnson factors confirm the reasonableness of the lodestar.

The twelve *Johnson* factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service adequately; (4) the preclusion of other employment by the attorney because he or she accepted the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*King*, 744 F.Supp.2d at 611.  These factors "are intended to ensure a 'reasonable fee,'" and "not every factor need be necessarily considered."  *Id*.  An adjustment of the lodestar should be based solely on the *Johnson* factors not already included in the lodestar calculation.  *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986) ("[T]he 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award."). Here, none of the factors not already included in the lodestar calculation are relevant or support any adjustment to the lodestar amount.  On the contrary, the relevant *Johnson* factors are all

reflected in the lodestar calculation and confirm the presumptive reasonableness of the lodestar amount.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court award him $33,710.00 in attorney's fees, plus $300 in associated costs, under 28 U.S.C. section 1447(c) because Defendants' removal was objectively unreasonable and because of the unusual circumstances surrounding Defendants' conduct in connection with the removal.

DATED:  January 4, 2023

By:  */s/ Jeffrey A. Atteberry*
**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (*pro hac vice*)
nvora@voralaw.com
Jeffrey A. Atteberry (*pro hac vice*)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401
424-258-5190 (phone)
512-598-0298 (fax)

**MARCUS L. FIFER LAW FIRM, PLLC**
Marcus L. Fifer (TX State Bar No. 24104629, *pro hac vice*)
marcus@fifer.law
P.O. Box 6501
Austin, TX 78762
512-487-0324 (phone)
512-598-0298 (fax)

*Attorneys for Plaintiff Shawn Joseph*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing and attachments with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Defendants:

**Holland & Hart LLP**
Jeremy B. Merkelson (jbmerkelson@hollandhart.com)
Michael J. O'Leary (mjoleary@hollandhart.com)
901 K Street NW, Suite 850
Washington, DC 20001
(202) 654-6919
(202) 688-2921 (fax)
Brianne McClafferty (bcmcclafferty@hollandhart.com)
401 North 31st Street, Suite 1500
Billings, MT  59101
(406) 896-4642
(406) 545-2266 (fax)

**Jackson Walker LLP**
Scott W. Weatherford (sweatherford@jw.com)
100 Congress Ave. Suite 1100
Austin, TX 78701
(512) 236-2073
(512) 691-4440 (fax)

> */s/ Jeffrey A. Atteberry*
> Jeffrey A. Atteberry