IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAWN JOSEPH,<br><br>            Plaintiff,<br><br>vs.<br><br>GENESIS COIN, INC.; GENESIS SERVICES, INC.; AQUARIUS MANAGEMENT CORP.; and EVAN ROSE,<br><br>            Defendants. | Civil Action No. 1:22-cv-00615-JRN |

**DECLARATION OF JEFFREY A. ATTEBERRY
IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(C)**

I, Jeffrey A. Atteberry, hereby declare:

1.      I am an attorney licensed to practice in the State of California and admitted *pro hac vice* to practice in the Western District of Texas for the above-captioned matter.  I am an attorney at The Vora Law Firm, P.C., counsel for Plaintiff in this matter.  I make this declaration in support of Plaintiff Shawn Joseph's Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c). I make this declaration of my own personal knowledge, except as otherwise noted, and if called as a witness, I could and would testify competently to all of the following.

2.      Counsel for the parties met and conferred on Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c) on December 29, 2022.  However, the parties were unable to resolve the matter by agreement.

3. On June 1, 2022, counsel for Defendants informed Plaintiff that they intended to remove this case to federal court. Plaintiff's counsel promptly wrote to Defendants' counsel requesting that Defendants identify the basis for removal as Plaintiff did not believe there was either diversity or subject matter jurisdiction. Attached hereto as **Exhibit 1** is a true and correct copy of a letter my colleague, Nilay U. Vora, sent to counsel for Defendants on June 7, 2022.

4. The parties met and conferred about Defendants' intention to remove this case to federal court and other case-related matters on June 15, 2022. During that conversation, Defendants informed Plaintiff that they intended to remove on the basis of diversity. Plaintiff explained that diversity jurisdiction did not exist because Defendant Genesis Coin, Inc. was plainly a Texas entity based on available evidence. Defendants disagreed, and Plaintiff encouraged Defendant to review the evidence further before removing. Defendants' general disregard for the basic the facts of the case were further and dramatically demonstrated by counsel's gratuitous description of the Plaintiff as being "white," even though Mr. Joseph's Petition clearly identified Plaintiff as being from "Kerala, South India" and speaking Malayalam.

5. Defendants removed this case to federal court on June 23, 2022. Plaintiff began preparing his motion to remand and met and conferred with Defendants on July 13, 2022. During that meet-and-confer, Plaintiff explained that publicly filed records, including tax forms filed with the state of Texas, listed Texas addresses as the principal address for Defendant Genesis Coin, Inc. In response, Defendants dismissed the significance of these documents, but could not produce or provide any documentary evidence of their own to substantiate their continued assertion that Genesis Coin was a citizen of Puerto Rico, not Texas. Attached hereto as **Exhibit 2** is a true and correct copy of email correspondence from to July 6 to July 20, 2022, between my colleague William Odom and counsel for Defendants, related to Plaintiff's meet-and-confer efforts for his Motion to Remand.

6.      Mr. William S. Odom was, at the time of the briefing on Mr. Joseph's Motion to Remand, an associate attorney at The Vora Law Firm, P.C.  Mr. Odom took the lead in researching and preparing the Motion to Remand.  Mr. Odom graduated *magna cum laude* from the University of Texas School of Law in 2016, where he served as an Articles Editor the Texas Law Review and earned the title of Grand Chancellor.  After graduating law school, Mr. Odom served as a law clerk to the Hon. Patrick E. Higginbotham at the United States Courts of Appeals for the Fifth Circuit.  Upon completing his clerkship, Mr. Odom was a litigation associate at the international law firm Quinn Emanuel Urquhart & Sullivan LLP.  While at Quinn Emanuel, Mr. Odom litigated a wide range of commercial matters.  He joined The Vora Law Firm, P.C. in 2022, where he continued his work in commercial litigation and was the lead associate on numerous employment matters.  His standard hourly rate while employed at The Vora Law Firm, P.C., including during the time of Plaintiff's Motion to Remand, was $575.

7.      I received my J.D. from the University of California, Berkeley, School of Law (Boalt Hall) in 2009, graduating Order of the Coif, after receiving my Ph.D. from the University of California, Irvine in 2003.  Following my graduation from UC Berkeley in 2009, I joined the firm of Quinn Emanuel Urquhart & Sullivan LLP. While at Quinn Emanuel, I was a member of numerous trial teams.  During my time at Quinn Emanuel, I focused on complex litigation in state and federal courts in California and other jurisdictions.

8.      In 2012, I joined the Am Law 100 firm of Jenner & Block LLP.  While at Jenner & Block, I expanded my practice areas to include civil rights, employment, data privacy, and a broader range of commercial litigation matters.  In January 2017, I became a partner in the complex commercial litigation group at Jenner & Block. While at Jenner & Block, I litigated a range of commercial cases for clients in both state and federal jurisdictions across the country. I also

handled several high-profile internal investigations. My clients included a number of Fortune 500 companies, including for example eBay, General Motors, and the Fox Broadcasting Company.

9. In March 2020, I joined The Vora Law Firm, P.C., where I continue to practice across a range of commercial litigation matters. For the period of the briefing on Mr. Joseph's Motion to Remand my standard hourly rate was $750.

10. Mr. Odom spent a total of 47.8 hours preparing Mr. Joseph's Motion to Remand. Mr. Atteberry spent an additional 8.3 hours on this matter. The total fee associated with these hours is $33,710 at a blended rate of $600.89. Attached as **Exhibit 3** is a true and correct copy of the billing entries for the work which was performed by Plaintiff's attorneys for his Motion to Remand and for which he is seeking recovery. These entries are contemporaneous records of the time spent by each attorney on this matter which are kept in the regular course and scope of the law firm's business.

11. The hours billed include time spent conducting legal research, reviewing the factual record, identifying and collecting relevant evidence, conferring with the client, meeting and conferring with opposing counsel, and preparing the briefs and all supporting materials.

12. In addition, Plaintiff's attorneys Nilay U. Vora and Mr. Marcus L. Fifer spent 5.9 and 1.3 hours, respectively, on this matter. In an exercise of discretion, Plaintiff is not seeking to recover fees associated with these hours.

13. From the very first conversations with Defendants' counsel regarding Defendants' removal of this case to federal court, Defendants have offered an ever-evolving version of the relevant facts that did not correspond to Mr. Joseph's understanding of the true state of affairs. Each time Plaintiff confronted Defendants with factual evidence showing that Defendant Genesis Coin was a Texas entity, Defendants altered their version of the facts to account for the new information and, in the process, introduced new inaccuracies and inconsistencies that required

further investigation from Plaintiff. Consequently, this briefing required an intensive and extensive factual investigation that, in my experience, exceeded what is normally required for a motion to remand.

I declare under penalty of perjury of the laws of the United States (28 U.S.C. § 1746) that the foregoing is true and correct to the best of my knowledge.

Executed on January 4, 2023

By: /s/ *Jeffrey A. Atteberry*
Jeffrey A. Atteberry