# Exhibit 2

| | |
|---|---|
| **Subject:** | RE: Joseph v. Genesis Coin, et al., No 1:22-cv-00615-RP - Meet and Confer Correspondence |
| **Date:** | Wednesday, July 20, 2022 at 4:06:46 PM Pacific Daylight Time |
| **From:** | Will Odom |
| **To:** | Michael J. O'Leary, Nilay Vora, Jeff Atteberry, Marcus Fifer |
| **CC:** | Weatherford, Scott, Calhoun, Stephen, Jeremy B. Merkelson, Brianne McClafferty |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png, image005.png, 2021 Corporate 1011 Genesis Coin Inc.pdf |

Mike,

As we explained, we cannot agree to forego Mr. Rose's deposition on this record. You have repeatedly represented that Mr. Rose, alone, constitutes the nerve center of all three entity Defendants, and Mr. Rose submitted a sworn declaration in support of federal jurisdiction. Mr. Rose is a named defendant and consented to personal jurisdiction in this Court, so we disagree that any purported burden outweighs the need for factual development. Nor can we agree to reciprocal jurisdictional discovery; Mr. Joseph's citizenship is not at issue. Our counter-proposal is that Mr. Joseph be granted leave to:

- serve requests for production, limited in scope to the citizenship/principal place of business of the entity Defendants, with which Defendants must fully comply within 21 days of service; and then thereafter,
- take 1 Rule 30(b)(6) deposition of all three entity Defendants (collectively); and
- take 1 deposition of Defendant Evan Rose, but if Mr. Rose is the corporate designee for all three entity Defendants, we can agree to a single-day combined deposition.

Please let us know if Defendants can agree. If we don't hear from you, we will indicate that the remand/discovery motion is opposed.

Relatedly, we will be filing the attached document (bearing the title "2021 TAX RETURN") as an exhibit to our forthcoming remand motion, which we understand was sent to Mr. Joseph by Mr. Rose. Please let us know by the end of the day this Friday whether Defendants assert any type of privilege or confidentiality over the document, and if so, which specifically. If they do, we can seek leave to file the exhibit under seal; however, we would need Defendants' confirmation that they will not oppose leave to file the exhibit under seal.

Kind regards,

Will

---

**From:** Michael J. O'Leary <MJOLeary@hollandhart.com>
**Sent:** Friday, July 15, 2022 9:44 AM
**To:** Will Odom <will@voralaw.com>; Nilay Vora <nvora@voralaw.com>; Jeff Atteberry <jatteberry@voralaw.com>; Marcus Fifer <marcus@fifer.law>
**Cc:** Weatherford, Scott <sweatherford@jw.com>; Calhoun, Stephen <scalhoun@jw.com>; Jeremy B. Merkelson <JBMerkelson@hollandhart.com>; Brianne McClafferty <BCMcClafferty@hollandhart.com>
**Subject:** RE: Joseph v. Genesis Coin, et al., No 1:22-cv-00615-RP - Meet and Confer Correspondence

Counsel:

Thank you for taking the time to speak on Wednesday to discuss Mr. Joseph's intention to file a motion to remand and to seek jurisdictional discovery. Based on that call, we understand that the "publicly available evidence" you are relying upon to assert that the Genesis Group entities have a

nerve center in Texas consists of documents listing a Texas address for one or more of the entities.  We asked if you would provide the specific documents you were referencing to us.  We have not yet received them.

In any event, a Texas address listed on a form would not be sufficient to demonstrate that Texas is the principal place of business or "nerve center" of Genesis Coin, Genesis Services, or Aquarius under the standard articulated by the U.S. Supreme Court.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  For the reasons set forth in Defendants' Notice of Removal, the "nerve center" for those entities is in Puerto Rico, where Evan Rose, the founder, CEO, and owner of the Defendant entities resides, works, directs, and controls those entities.  Defendants therefore disagree that the federal court lacks subject matter jurisdiction and will oppose a motion to remand.

As you know, "the imposition of jurisdictional discovery places an undue and unnecessary burden on the parties when the proponent of such discovery only supports the request by conjecture, speculation, or suggestion." *NL Industries v. OneBeacon*, 435 F. Supp. 2d 558, 566 (N.D. Tex. 2006).  Accordingly, such discovery should not be "undertaken when the party requesting [it] can only suggest or speculate that the requested discovery will shed light on or resolve the issues pertaining to diversity of citizenship." *Id*.  Thus far, you have not articulated a reason why you believe the nerve center for the entity Defendants is in Texas or any specific facts you expect will emerge in discovery.  Moreover, as your client was the only employee of the Genesis entities in Texas, we anticipate that your client would already be in possession of any facts that could potentially support the contention that Texas is the nerve center.

For these reasons, we believe jurisdictional discovery—particularly depositions— places an undue burden on the parties.  Nevertheless, in an effort to resolve the discovery dispute without the need for litigation, we are willing to agree to limited written discovery.  We propose that Mr. Joseph and Defendants serve a total of three interrogatories and three requests for production on each other relating to the motion for remand.  We have attached a draft order which sets forth the timing and subject matter of the requests.

We have also attached a protective order regarding confidentiality which we have modeled after the form protective order on the Court's website.  Please let us know if you are agreeable to the terms of these drafts.

Sincerely,

Mike

**Michael J. O'Leary**
Of Counsel
Holland & Hart LLP
901 K Street NW, Washington, D.C., 20001
T 202.654.6922 F 202.280.1041 M 917.860.5789



CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

**From:** Will Odom <will@voralaw.com>
**Sent:** Friday, July 8, 2022 3:54 PM
**To:** Michael J. O'Leary <MJOLeary@hollandhart.com>; Nilay Vora <nvora@voralaw.com>; Jeff Atteberry <jatteberry@voralaw.com>; Marcus Fifer <marcus@fifer.law>
**Cc:** Weatherford, Scott <sweatherford@jw.com>; Calhoun, Stephen <scalhoun@jw.com>; Jeremy B. Merkelson <JBMerkelson@hollandhart.com>; Brianne McClafferty <BCMcClafferty@hollandhart.com>
**Subject:** RE: Joseph v. Genesis Coin, et al., No 1:22-cv-00615-RP - Meet and Confer Correspondence

**External Email**

Thanks, Mike. We can agree that Mr. Joseph will respond to Defendants' counterclaim under either the FRCP or the TRCP (whichever applies) within 14 days after the date the U.S. District Court enters an order determining its jurisdiction. We will file an unopposed motion to that effect this evening.

We are available Wednesday morning at 11am ET.

-Will

---

**From:** Michael J. O'Leary <MJOLeary@hollandhart.com>
**Sent:** Friday, July 8, 2022 11:23 AM
**To:** Will Odom <will@voralaw.com>; Nilay Vora <nvora@voralaw.com>; Jeff Atteberry <jatteberry@voralaw.com>; Marcus Fifer <marcus@fifer.law>
**Cc:** Weatherford, Scott <sweatherford@jw.com>; Calhoun, Stephen <scalhoun@jw.com>; Jeremy B. Merkelson <JBMerkelson@hollandhart.com>; Brianne McClafferty <BCMcClafferty@hollandhart.com>
**Subject:** RE: Joseph v. Genesis Coin, et al., No 1:22-cv-00615-RP - Meet and Confer Correspondence

Counsel:

     We have no objection to Mr. Joseph seeking an extension to file his Answer until such time that Mr. Joseph's remand motion is ruled upon or this issue is otherwise resolved.  Can we agree that Mr. Joseph will file an Answer within 14 days of: (i) the Court ruling on the motion to remand; or (ii) any other resolution of the jurisdictional dispute?

     For the reasons set forth in our removal papers, we do not agree with your assessment that no diversity of citizenship exists.  We note that you base your conclusion on "publicly available evidence."  Accordingly, we would like to meet and confer next week regarding what evidence you are relying upon.  To the extent the parties cannot agree on the diversity issue, we can discuss your proposal for limited jurisdictional discovery and whether the parties can reach an agreement on whether such discovery should occur and the parameters.

We propose the following times for a call next week:

- **Monday morning between 10am ET and 12pm ET; or**
- **Wednesday morning between 9am ET and 12pm ET**.

Please let us know which of those times work and we will circulate a dial-in. If those times do not work, please propose some alternative times when you would be available.

Sincerely,

Mike

Michael J. O'Leary
Of Counsel
Holland & Hart LLP
901 K Street NW, Washington, D.C., 20001
T 202.654.6922 F 202.280.1041 M 917.860.5789



CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

---

**From:** Jeremy B. Merkelson <JBMerkelson@hollandhart.com>
**Sent:** Thursday, July 7, 2022 6:06 PM
**To:** Will Odom <will@voralaw.com>
**Cc:** Michael J. O'Leary <MJOLeary@hollandhart.com>; Weatherford, Scott <sweatherford@jw.com>; Calhoun, Stephen <scalhoun@jw.com>; Nilay Vora <nvora@voralaw.com>; Jeff Atteberry <jatteberry@voralaw.com>; Marcus Fifer <marcus@fifer.law>
**Subject:** Re: Joseph v. Genesis Coin, et al., No 1:22-cv-00615-RP - Meet and Confer Correspondence

We received your email. We will respond tomorrow.

Sent from my iPhone

> On Jul 7, 2022, at 5:53 PM, Will Odom <will@voralaw.com> wrote:
>
> **External Email**

Counsel,

Following up on the below, would you please let us know as a courtesy whether we may file Mr. Joseph's motion for an extension of time to respond to Defendants' counterclaim as opposed or unopposed, in light of Mr. Joseph's forthcoming remand motion? We'd like to file the extension motion by tomorrow evening. Feel free to call me at (817) 343-6891 today or tomorrow with any specific questions.
-Will

---

**From:** Will Odom
**Sent:** Wednesday, July 6, 2022 2:33 PM
**To:** Jeremy B. Merkelson <JBMerkelson@hollandhart.com>; Michael J. O'Leary <MJOLeary@hollandhart.com>; Weatherford, Scott <sweatherford@jw.com>; Calhoun, Stephen <scalhoun@jw.com>
**Cc:** Nilay Vora <nvora@voralaw.com>; Jeff Atteberry <jatteberry@voralaw.com>; Marcus Fifer <marcus@fifer.law>
**Subject:** Joseph v. Genesis Coin, et al., No 1:22-cv-00615-RP - Meet and Confer Correspondence

Counsel:

I write pursuant to WD Tex Local Civil Rule CV-7(f) to meet and confer regarding Mr. Joseph's forthcoming motion to remand this action to state court, or in the alternative, for expedited jurisdictional discovery. We believe, from publicly available evidence, that the entity Defendants continued to be citizens of Texas even after Mr. Rose moved to Puerto Rico, and were citizens of Texas on the day Mr. Joseph filed his Petition. As such, no diversity of citizenship exists, and Genesis Coin, Genesis Services, and/or Aquarius Management are local defendants precluding removal. 28 U.S.C. §§ 1332(a), 1441(b)(2). Alternatively, expedited jurisdictional discovery is proper to develop the factual record regarding the entity Defendants' citizenship. Specifically, Mr. Joseph will seek leave to take the depositions of Evan Rose and Peter Sentowski, as well as to serve a limited number of requests for production and interrogatories. *See In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) ("[W]e note that while a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact."). Please let us know some times you are available next week to discuss, if necessary.

The statutory deadline for Mr. Joseph's remand motion is July 25. However, Mr. Joseph's answer to Defendants' counterclaim is currently due by July 14. Thus, Mr. Joseph also intends to seek from the Court an extension of his time to file an answer, until such time the Court has ruled on Mr. Joseph's remand motion. Please let us know by the end of this week whether Defendants stipulate to this extension.

Kind regards,
Will

**William M. Odom (he/him/his)** | *Attorney*
**The Vora Law Firm, P.C.**
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401
817-343-6891 Direct
424-258-5190 Main Office Number
will@voralaw.com
www.voralaw.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.