IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHAWN JOSEPH,<br><br>    Plaintiff,<br><br>vs.<br><br>GENESIS COIN, INC.; GENESIS SERVICES, INC.; AQUARIUS MANAGEMENT CORP.; and EVAN ROSE,<br><br>    Defendants. | Civil Action No. 1:22-cv-00615-JRN |

**REPLY IN SUPPORT OF PLAINTIFF SHAWN JOSEPH'S OPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(C)**

**INTRODUCTION**

Much as Defendants did with the remand briefing, Defendants continue to raise arguments in their Opposition based on their selective framing of relevant issues rather than the objective facts. In their Opposition, Defendants misrepresent the nature of the relevant arguments both here and in the remand briefing, ignore the unusual circumstances surrounding their treatment of the facts supporting their removal, and vaguely challenge Plaintiff's billing records in the hopes that this Court will not actually review the evidence. The unreasonableness of Defendants' removal lies not in their legal arguments, as Defendants suggest, but in their effort to hide facts relevant to the jurisdictional analysis. Defendants' conduct makes manifest that their removal was done for the purpose of delay and avoidance of discovery, which is itself grounds for a fees award. It took considerable effort for Plaintiff's attorneys to create a factual record which was clear and beyond refutation by Defendants, and Plaintiff's billing records provide sufficient support for the reasonableness of that effort.

**ARGUMENT**

**I.      Defendants' Removal Was Based on an Unreasonable Treatment of the Facts.**

Defendants argue that they removed this matter to federal court based on an "objectively reasonable interpretation of the Supreme Court's decision in *Hertz Corp. v. Friend*." Dkt. No. 36 at 1. This argument misrepresents, however, the basis on which Plaintiff seeks his attorneys' fees and costs. Plaintiff is not seeking fees based on the unreasonableness of Defendants' interpretation of the law, but on the unreasonableness of Defendants' treatment and presentation of the relevant facts under the applicable law. *See* Dkt. No. 35, *passim*.

An award under Section 1447(c) is warranted if the "removing party lacked an objectively reasonable *basis* for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). The relevant analysis is not limited to the reasonableness of the removing

party's interpretation of the law, nor is Plaintiff arguing that Defendants removed this case based on an unreasonable *legal* argument. *See id*. Instead, Plaintiff is arguing that Defendants' removal and subsequent Opposition to Plaintiff's motion to remand was based on an unreasonable *factual* argument, in which, as this Court has already recognized, Defendants showed "a willingness to say anything, no matter how contradictory or unsupported, to escape proper state court jurisdiction in Texas." Dkt. No. 32. Indeed, Plaintiff did not ask for fees in his original motion for remand because he could not anticipate just how much Defendants would "twist[] and turn[]" the relevant facts in their Opposition. *Id*. Such conduct is unreasonable and more than sufficient to justify an award of fees under Section 1447(c). *See Martin*, 546 U.S. at 141.

In their Opposition, Defendants completely ignore their treatment of the facts and attempt to justify their removal by rearguing the underlying legal issues. But the legal arguments were never the crux of the dispute. *See* Dkt. Nos. 23, 29, and 30. And, even if they were, Defendants' current defense of their removal would still fail because it raises new arguments and case law from other jurisdictions that were never mentioned in either Defendants' removal or their Opposition to Plaintiff's motion to remand. *Compare* Dkt. No. 36 to Dkt. Nos. 1 and 29. As all the parties and this Court recognized in the remand briefing, courts in this district consider a number of factors when determining where the "nerve center" of a corporation is. *See* Dkt. Nos. 23 at 7, 29 at 6, and 32 at 2 (citing *Tran v. Tran*, 2017 U.S. Dist. LEXIS 218697, at *5 (W.D. Tex. Aug. 25, 2017). Defendants never questioned or challenged the applicability of this law, nor do they now as part of their effort to justify their removal. Defendants do not discuss any of these factors in their current Opposition because doing so would put the focus back on the underlying facts. Instead, Defendants now argue that their removal was reasonable because it was based on an interpretation of *Hertz* that is supported by cases from "a number of other federal courts." Dkt. No. 36 at 7. But not one of the cases from the "other federal courts" that Defendants now cite appears in either

Defendants' removal papers or their Opposition to Plaintiff's motion to remand. *See* Dkt. Nos. 1 and 29. If Defendants truly believed that their removal was objectively reasonable because of the opinions in any of these cases, Defendants would have cited at least one of them previously. Defendants did not base their removal on any of the cases they now cite, and any justification of the reasonableness of Defendants' removal must be based on the applicable law in *this* jurisdiction, which Defendants ignore.

**II. Defendants Ignore the "Unusual Circumstances" of Their Removal and Opposition to Remand that Support an Award of Plaintiff's Attorneys' Fees and Costs.**

Plaintiff also seeks an award of his attorneys' fees and costs based on the "unusual circumstances" attending Defendants' removal and opposition to the motion to remand. *See* Dkt. No. 35 at 6. Defendants have no response to Plaintiff's argument for fees on this basis, so their opposition ignores it altogether. Courts have considerable discretion when awarding fees under Section 1447(c) and may do so in "unusual circumstances," such as a party's "failure to disclose facts necessary to determine jurisdiction." *Martin*, 546 U.S. at 141. Courts are mindful, when awarding fees, of the "desire to deter removals for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* Here, Defendants initially hid numerous facts, changed their story when confronted with contrary facts supported by documentary evidence in Plaintiff's motion to remand, and ultimately produced on their own accord a tax incentive grant from Puerto Rico that showed "the Notice of Removal was incorrect." Dkt. No. 4. This cavalier approach to the factual basis for removal is highly unusual and constitutes an abusive use of the removal statute that supports an award of Plaintiff's attorneys' fees and costs. *See Martin*, 546 U.S. at 141.

**III. Plaintiff Has Shown That the Requested Fees Are Reasonable.**

Defendants do not challenge the reasonableness of Plaintiff's hourly rates, which are in-line with rates approved by courts in this district. *See, e.g., Heaven Media Limited v. Rebecca Everts and Reset Nation, LLC*, No. 1:22-CV-00025-LY, 2022 WL 17443627, at *6 (W.D. Tex.

Dec. 6, 2022). Instead, Defendants dispute the reasonableness of the hours billed by challenging the billing records and the amount of time spent. Defendants' arguments fail.

Defendants assert that Plaintiff's request for fees must be reduced because of the use of what Defendants characterize as "block-billed time entries." As an initial matter, the use of "time-block entries will not automatically render [a] request for fees unreasonable." *In re Simons Broadcasting, LP*, No. CV W-11-CA-172, 2014 WL 12871058, at *5 (W.D. Tex. Feb. 14, 2014) (citations omitted); *see also Hollowell v. Orleans Reg'l Hops. LLC*, 217 F.3d 379, 392-93 (5th Cir. 2000) (affirming an attorneys' fees award based on lumped billing records that were "specific enough to determine that the hours claimed were reasonable for the work performed"). The time entries submitted by Plaintiff contain sufficiently detailed and focused descriptions to permit this Court to fairly evaluate their reasonableness.

Indeed, while Defendants identify the time-blocked entries, they do not explain how or why any of the entries identified are unreasonable. Defendants do not quote or otherwise discuss the entries themselves because, if they had, it would become evident that each of the tasks listed for each time entry directly relates to Plaintiff's motion to remand. For example, the first entry to which Defendants object is for June 17, 2022. *See* Dtk. No. 11 at 15. The description for that entry reads in its entirety: "Legal research and fact gathering re citizenship of Genesis Coin; prepare remand motion." Dkt. No. 35-4, Ex. 3 at 2; *see also*, *e.g.*, *id.* at entries for July 11 ("Prepare motion to remand to state court and related legal research; prepare for meet-and-confer conference re the same"), July 23 ("Prepare remand motion and supporting documents; related legal research; conference with NUV re the same"), and August 10 ("Review and analyze evidence submitted by Defendants; prepare Reply in Support of Remand/Discovery Motion"). While the description may be described as a "block" insofar as it includes more than one task, it is evident from the description that each of these tasks is directly relevant to the preparation of Plaintiff's motion to remand and

represents a reasonable expenditure of time. Plaintiff's use of so-called block billing is no reason to reduce the hours billed.

Defendants also object, more generally, that the amount of time expended was unreasonable. However, here too, Defendants do not identify any specific tasks that are unreasonable, nor do they identify any specific entries that they allege are excessive. Instead, Defendants only point to the number of briefing pages. *See* Dkt. No. 36 at 11. However, the number of pages briefed -- the limits of which are set by rule -- is irrelevant. Again, it was not the complexity of the legal issues but Defendants' cavalier approach to the facts that necessitated the expenditure of considerable effort by Plaintiff. Defendants' initial remand and the supporting declaration by Evan Rose contained many assertions that were inconsistent with the facts known to Plaintiff. Given the misleading and incomplete character of Evan Rose's first declaration, Plaintiff understood the need to create an extensive and accurate factual record that Defendants could not explain away when opposing the motion to remand. Plaintiff, therefore, identified and submitted 17 exhibits with his motion to remand. *See* Dkt. Nos. 23-5 to 23-2.

Amazingly, Defendants now argue that the effort expended by Plaintiff was unreasonable because "Defendants never disputed the facts proffered by Joseph." Dkt. No. 36 at 15. Defendants did not dispute the facts in Plaintiff's motion for remand because those facts were supported by ample and irrefutable documentary evidence. The fact that Defendants did not even try to refute them underscores the reasonableness of Plaintiff's effort. The demonstrable unreliability of Evan Rose's first declaration supporting removal proves the necessity of that effort. The fact that Defendants, instead, proceeded to submit additional declarations that contradicted their previous sworn representations demonstrates the unreasonableness of Defendants' removal.

DATED:  JANUARY 13, 2023

By:  */s/ Jeffrey A. Atteberry*
**THE VORA LAW FIRM, P.C.**
Nilay U. Vora (*pro hac vice*)
nvora@voralaw.com
Jeffrey A. Atteberry (*pro hac vice*)
jatteberry@voralaw.com
201 Santa Monica Blvd., Ste. 300
Santa Monica, CA 90401
424-258-5190 (phone)
512-598-0298 (fax)

**MARCUS L. FIFER LAW FIRM, PLLC**
Marcus L. Fifer (TX State Bar No. 24104629, *pro hac vice*)
marcus@fifer.law
P.O. Box 6501
Austin, TX 78762
512-487-0324 (phone)
512-598-0298 (fax)

*Attorneys for Plaintiff Shawn Joseph*

REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January 2023, I electronically filed the foregoing and attachments with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record for Defendants:

**Holland & Hart LLP**
Jeremy B. Merkelson (jbmerkelson@hollandhart.com)
Michael J. O'Leary (mjoleary@hollandhart.com)
901 K Street NW, Suite 850
Washington, DC 20001
(202) 654-6919
(202) 688-2921 (fax)
Brianne McClafferty (bcmcclafferty@hollandhart.com)
401 North 31st Street, Suite 1500
Billings, MT  59101
(406) 896-4642
(406) 545-2266 (fax)

**Jackson Walker LLP**
Scott W. Weatherford (sweatherford@jw.com)
100 Congress Ave. Suite 1100
Austin, TX 78701
(512) 236-2073
(512) 691-4440 (fax)

/s/ Jeffrey A. Atteberry
Jeffrey A. Atteberry