**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| SHAWN JOSEPH,<br>　　　　*Plaintiff*<br><br>-vs-<br><br>GENESIS COIN, INC., GENESIS<br>SERVICES, INC., AQUARIUS<br>MANAGEMENT CORP., EVAN ROSE,<br>　　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-22-CV-00615-JRN |

**ORDER**

Before the Court in the above-entitled cause of action is Plaintiff Shawn Joseph's Motion for Attorney's fees and costs (Dkt. 35) and responsive briefings. After a thorough consideration of the parties' arguments, the evidence presented, and the procedural history of this case, the Court is of the opinion that Plaintiff is entitled to recover the requested fees.

**I.　　PROCEDURAL BACKGROUND**

On June 23, 2022, Plaintiff Shawn Joseph ("Joseph") removed this action against Defendants Genesis Coin, Inc., Genesis Services, Inc., Aquarius Management Corp., and Evan Rose ("Defendants") alleging retaliation, breach of contract, breach of implied covenants, fraudulent inducement, fraud, and unjust enrichment. On December 21, 2022, the Court ordered the case be remanded to state court.

On January 4, 2023, pursuant to 28 USC Section 1447(c) Plaintiff moved for an award of reasonable attorneys' fees and costs incurred as a result of the removal. Dkt. 35. On January 11, 2022, Defendants filed a response arguing that the Court should deny Plaintiff's motion or in the alternative reduce the requested fee award. Dkt. 36.

## II.     STANDARD OF REVIEW

The Fifth Circuit has enumerated different standards of review for attorney's fees and costs. Each standard will therefore be delineated separately before discussing the merits of the parties' arguments. The parties' arguments and evidence will then be examined in light of the applicable standard.

### A.     Attorneys' Fees

Under 28 U.S.C. section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A request for fees under the statute is assessed by "the reasonableness of the removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. However, courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. "[F]ailure to disclose facts necessary to determine jurisdiction" may warrant an award of fees. *Id*.

The Fifth Circuit has outlined how a district court is to properly determine attorneys' fees when using the "lodestar" method.  The first step is to calculate a lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999).  The court must then consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case.  *Rutherford*, 197 F.3d at 192; *Von Clark*, 916 F.2d at 258. The district court should "explain with a reasonable degree of specificity the findings and reasons upon which the award is based."  *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990).

**B.      Bill of Costs**

Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Indeed, the Fifth Circuit has held: "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). 28 U.S.C. § 1920 supplements Rule 54(d), providing that the prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. § 1920. Although trial courts may refuse to tax otherwise allowable costs, trial courts may not "tax items not elsewhere enumerated." *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1236 (5th Cir. 1988).

Specifically, a party seeking to recover costs for copies has the burden to show that the reproductions were "necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Although the party seeking recovery of costs need not specify "every xerox copy made for use in the course of legal proceedings," it nevertheless must demonstrate that the "reproduction costs necessarily result from that litigation." *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991). Consequently, a party seeking recovery of costs may not be reimbursed for expenses incurred merely for the "convenience of counsel." *Id*. at 285; *see also Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, No. H−07−2684, 2009 WL 1457632, at *12 (S.D. Tex. May 26, 2009).

When the party being taxed specifically objects to costs, the party seeking reimbursement must verify that the costs were "necessarily incurred in the case." *Neutrino Devel. Corp. v. Sonosite, Inc.*, No. H−01−2484, 2007 WL 998636, at *2 (S.D. Tex. March 30, 2007).

## II.     DISCUSSION

Joseph, after prevailing on his motion to remand this case, requests costs and attorneys' fees. The Court finds that, as outlined in its Order Granting Plaintiff's Motion to Remand, the evidence presented makes it clear that Genesis Coin is a citizen of Texas and further that Defendants lacked an objectively reasonable basis for removal. Specifically, the Court finds that Defendants misrepresented facts in support of their position that Genesis Coin is a citizen of Puerto Rico when they submitted as evidence a Puerto Rico tax incentive grant to Aquarius. This grant was expressly premised on Aquarius' "services [being] rendered for markets outside of Puerto Rico," including "Genesis Coin, Inc." (Dkt. 29, Exhibit 6). The Court finds that it was unreasonable for Defendants to argue that Genesis Coin was a citizen of Puerto Rico after presenting evidence stating explicitly that they received a grant on the basis that Genesis Coin is a market outside of Puerto Rico.  Further, as detailed in the Order Granting the Motion to Remand, Defendants have shown a willingness to make contradictory statements in order to escape state court jurisdiction. The Court finds that granting fees in light of this behavior is faithful to the purposes of awarding fees under §1447(c) as outlined in *Martin*. 546 U.S. at 141.

Defendants argue in response that they removed this matter based on a reasonable legal interpretation of the Supreme Court's decision in *Hertz Corp. v Friend*, 559 U.S. 77 (2010). This argument does not reach the basis by which Plaintiff seeks fees. Instead, the Court finds that the removal was unreasonable because the facts proffered were misrepresented and thus finds the

cases cited inapposite—it is irrelevant if the legal argument is reasonable if it is based on an unreasonable reading of the facts.

Because the Court finds that the removal was unreasonable, an award of Plaintiff's costs and expenses is appropriate in this case. The Supreme Court has explained that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court may increase or decrease the amount of attorney's fees based on a number of factors, including the time and labor required; difficulty of the question; skill needed; amount involved, and results obtained; time limitations imposed by the case; and experience, reputation, and ability of the lawyers. *See id.* at 434–37; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). "The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge." *Weeks v. S. Bell Tel. and Tel. Co.*, 467 F.2d 95, 97 (5th Cir. 1972).

Plaintiff requests Defendants be ordered to pay $300 in *pro hac vice* fees. Plaintiff's attorneys request to be billed at the following hourly rates: $575 for attorney William S. Odom, and $750 for attorney Jeffrey A. Atteberry. Plaintiff's attorneys request compensation for a total of 56.1 hours of work for a total of $33,710.00, which they suggest already capture the entirety of the *Johnson* factors relevant to the case and thus should not be lowered.

In support of the proffered number of hours reasonably expended. Plaintiff's attorneys cite to the fact that in an exercise of discretion, Plaintiff is not seeking reimbursement for the 5.9 and 1.3 hours that attorneys Nilay U. Vora and Marcus L. Fifer spent, respectively, on remand-related matters. Plaintiff's attorneys further included a detailed accounting of hours charged as well as which increments were eliminated or reduced from the requested reward.

In support of the suggested reasonable hourly rates, Plaintiffs contend that each attorney has practiced extensively in the field and charged a reasonable market rate when compared to lawyers in the Western District of Texas with comparable experience.

Defendants argue that the requested reward of attorney's fees should be reduced. Defendants do not challenge the reasonableness of Plaintiff's hourly rates. Instead, Defendants contend that the Plaintiff's proposed lodestar fee should be reduced and that the reduced lodestar fee should be adjusted downward based on the Johnson factors. The Court will examine each of these arguments in turn.

First, Defendant contends that the proposed lodestar fee should be reduced because Plaintiff's fee invoice reveals block billing. Notably, Defendants only identify entries that are block-billed and do not discuss why the billings were unreasonable. While block-billing of entries may lead to a reduction in fees awarded, block-billing itself is not impermissible. After reviewing the cited entries, the Court finds that each cited task is clearly relevant to the preparation of Plaintiff's motion to remand.

After carefully reviewing the arguments of the parties and all evidentiary submissions, the Court finds that Plaintiff's originally requested 56.1 hours of work and hourly billing rates are reasonable. Defendants do not identify any specific tasks that they believe were unreasonable, only arguing that the time spent was excessive and block-billed. While the Court agrees that the jurisdictional issue is not complex, Defendants changed positions, misrepresented facts, and inappropriately added arguments in later declarations. The Court finds it reasonable that this behavior would lead to Plaintiff spending additional time making his case.

Second, Defendants argue that the lodestar fee should be adjusted downward based on the *Johnson* factors. Defendants neither list the *Johnson* factors nor refer to which factors justify an

adjustment of the Lonestar fee. Instead, Defendants argue that Plaintiff spent an unreasonable amount of time on the case given that "Defendants never disputed the facts proffered by Joseph." It would seem to the Court that the fact that Defendants did not dispute the proffered facts underscores finding the Plaintiff's efforts reasonable. The Court does not find that the lodestar fee should be adjusted.

The Court does not find that any of the requested costs are inadequately documented or unrecoverable and thus grants the entirety of the requested $300 in costs. When combined with attorney's fees, the Court finds that Defendant owes Plaintiff $34,010.00 in fees and costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Attorney's Fees and Costs (Dkt. 35) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants pay to Plaintiff, in care of his attorneys of record, attorney's fees and costs in the amount of $34,010.00

SIGNED this 31st day of August, 2023.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE